# Ellison, to use, *v.* Atlantic Refining Co., Appellant.

*Negligence—Automobiles—Collision between two automobiles— Contributory negligence.*

Where the chauffeur of an automobile on a wet day drives his car at a speed of twelve or thirteen miles an hour on to a street crossing where the view is obstructed, and in order to avoid an automobile truck which is about to turn into the side street, the chauffeur so handles his car that it skids sideways into the truck, the

chauffeur is guilty of contributory negligence and the owner of
the automobile cannot recover for injuries to his machine; and
this is the case although the truck was not on the proper side of
the street at the turning.

Argued Dec. 1, 1915.   Appeal, No. 188, T., 1915, by
defendant, from judgment of Municipal Court Phila-
delphia Co., March T., 1915, No. 354, for plaintiff on case
tried by the court without a jury in suit of Hannah N.
Ellison, to use of Queen Insurance Company of America,
v. The Atlantic Refining Company.   Before RICE, P. J.,
ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREX-
LER, JJ.   Reversed.

Trespass to recover damages for injuries to an auto-
mobile.

The case was tried without a jury before KNOWLES, J.

Verdict and judgment for plaintiff for $146.43.   De-
fendant appealed.

*Error assigned* was in refusing to find a verdict for de-
fendant.

*A. S. Minster,* with him *Simpson, Brown & Williams,*
for appellant.

*Frank G. Sayre,* with him *M. Joseph Pickering,* for ap-
pellee.

OPINION BY HENDERSON, J., March 1, 1916:

This case was tried in the Municipal Court without a
jury.   There were no findings of fact nor was there an
opinion filed on the motion for judgment non obstante
veredicto, and we are not informed, therefore, as to the
theory of the learned trial judge in entering judgment
for the plaintiff.   The statement of claim charged that
an automobile truck of the defendant was driven by an
employee northward on 59th street toward the left side

thereof negligently and carelessly and without warning was driven and swung around said corner toward the west in front of the plaintiff's car and so close to the corner that plaintiff's chauffeur was unable to pull out or avoid being run into and defendant's truck ran into the left side of the plaintiff's car. The undisputed evidence shows that instead of the truck running into the car, the car skidded sidewise into the truck, and the injury complained of resulted from the impact of the automobile against the side of the truck. The negligence attributed to the defendant is that the driver of its truck which was moving along 59th street into City Line avenue turned too near the southwest corner of 59th street and City Line avenue in undertaking to go westwardly, the skidding of the automobile being caused by the attempt of its chauffeur to stop it before reaching the truck. It is not alleged that the truck was moving rapidly and the only negligence alleged is that it was too near the west line of 59th street in coming out of that street. The testimony is contradictory as to the position of the truck. The plaintiff's evidence seems to show that it had passed out of 59th street onto City Line avenue while that of the defendant is that the front of it had just emerged onto that avenue when the collision occurred. As the decision of the court was against the defendant the presumption is that the judgment is based on a finding that the truck should have been nearer the east side of 59th street in coming onto the avenue. If in the somewhat obscure state of the evidence on this point it should be found that there was negligence on the part of the defendant's driver we think it clearly appears that the accident was caused by the contributory negligence of the driver of the automobile. He was proceeding eastwardly on the avenue at a speed which he says he thinks did not exceed twelve or thirteen miles an hour. The view toward 59th street was obstructed by a hedge so that he could not see a vehicle coming up that street. To use his own language he said: "I could

not see anything before I got to the corner." "I first saw it (the truck) when I was about ten feet of the corner." He also stated that the street was wet and slippery. On the admitted facts, therefore, the chauffeur was driving a car onto a crossing where the view was obstructed, at a speed which made it impossible to stop his car or veer to the left and avoid the collision. It was his duty to observe the wet condition of the street and to take account of the possibility that vehicles might be coming out of 59th street and to have his car under proper control in anticipation of such a contingency and the obvious failure so to do was an act of negligence. No explanation is given of the omission to steer the automobile to the left but it was doubtless the case that the speed of the car and the limited distance prevented that movement.

The negligence of the driver of the automobile is evident we think, and for that reason the judgment is reversed.