## Gosling, Appellant, *v.* Gross.

*Negligence—Automobiles—Right angle collision—Contributory negligence.*

In an action to recover damages for injuries to an automobile suffered in a right angle collision with another automobile, plaintiff's chauffeur is shown guilty of such contributory negligence as will defeat plaintiff's right to recover, if it appears that the chauffeur approached the intersection of two roads at the rate of fifteen miles per hour, that his view of the intersecting road was obscured by a corn field, and that as he approached the crossing he did not keep his car under such control as would allow him to stop it, in order to avoid a collision with the other car.

Argued Dec. 13, 1916.    Appeal, No. 307, Oct. T., 1916, by plaintiff, from order of Municipal Court Philadelphia Co., Feb. T., 1915, No. 478, entering judgment for defendant n. o. v. in case of Fanny J. Gosling v. Carl S.

304, (1917).]          Verdict—Arguments.

Gross.    Before ORLADY, P. J., PORTER, HENDERSON, KEP-
HART, TREXLER and WILLIAMS, JJ.    Affirmed.

Trespass to recover damages for injuries to an auto-
mobile.    Before KNOWLES, J.

The circumstances of the accident are stated in the
opinion of the Superior Court.

At the trial the jury returned a verdict for $300.    Sub-
sequently the court entered judgment for defendant
n. o. v.

*Error assigned* was in entering judgment for defend-
ant n. o. v.

*H. M. Schell,* with him *F. R. Shattuck,* for appellant.
—There would have been no collision in this case, except
for the negligence of the defendant, and the action of the
driver of the plaintiff's automobile did not in any way
contribute to the accident.    Having reached a point of
safety, the case presents the same facts as though the
plaintiff's automobile was stationary west of the middle
line of the intersecting street, because under ordinary
circumstances an automobile being driven at right angles
and properly operated, would not have run into it:
Young v. P. R. T. Co., 248 Pa. 174; McClung v. Penna.
T. C. Co., 252 Pa. 478.

*Layton M. Schoch,* for appellee.—The chauffeur of the
appellant in this case approached this obscured crossing
at such speed that when danger threatened he was not
able to stop his car until it would have reached the mid-
dle of the road.    Moreover, the testimony of appellant's
son-in-law shows that they came to the crossing at such
speed that when the car of the appellee was first seen
there was no doubt that there would be a collision unless
they succeeded in getting up enough speed to cross the
road or unless the appellee succeeded in stopping his car.
Such driving is careless under all the cases: March v.

Traction, 209 Pa. 46; Hicks v. Philadelphia Rapid
Transit, 53 Pa. Superior Ct. 174; Ellison v. Atlantic Re-
fining Co., 62 Pa. Superior Ct. 370; Hoover v. Reichard,
63 Pa. Superior Ct. 517; Wolf v. Philadelphia Rapid
Transit Co., 252 Pa. 448; Carson v. Federal St., Etc.,
Street Ry. Co., 147 Pa. 219.

OPINION BY TREXLER, J., March 16, 1917:

The automobiles of the parties collided at the intersec-
tion of two roads. The plaintiff was approaching at the
rate of 15 miles an hour. His view of the intersect-
ing road was obscured by a corn field. As he came near
the road he saw the defendant's auto approaching. He
stated that if he had put on his brakes his car would have
stopped at the center of the intersection and a collision
with the approaching car would have been unavoidable.
To escape this he put on speed trying to pass ahead of
the other car, but failed in his attempt, and the damages
which are the subject of this action ensued. As the
plaintiff's chauffeur could not see up the road until he
got to the corner or near to it, he should have kept his
car under such control as would allow him to stop in
order to avoid a collision with the car coming at right
angles. The speed he was using required seven to eight
feet in which to stop the car, and as he could not see until
he was near the corner he took his chances. The sight
of the transverse road being obscured, special caution in
approaching it was required, and the plaintiff when he
approached the road under such speed as prevented his
stopping in order to avoid the approaching car or at least
veer out of its path, was guilty of negligence: Ellison v.
Atlantic Refining Co., 62 Pa. Superior Ct. 370. It was
certainly his duty to look upon entering the road, and
when he had placed himself in such position that the look
would do him no good, he had failed in his duty. The
argument that at the time of the collision the plaintiff
had by his increased speed reached the right or west
side of the intersecting road where he had a right to be,

304, (1917).]            Opinion of the Court.

is not in our opinion tenable. His failure to have control of his car as he entered the road contributed to the accident. If he had used reasonable care no collision would have occurred. That he reached the right side of the road does not relieve him of the consequences of his negligence. As we stated in a former case, Hoover v. Reichard, 63 Pa. Superior Ct. 517, "The mere fact that the defendant was on the right side of the road does not determine the presence or absence of negligence." Had the collision in this case occurred on the left or east side of the road, it would not in itself have shown that the plaintiff was negligent. Necessarily in crossing a road the car will traverse both sides. There is no absolute right to occupy either side of the road. The law of the road is that vehicles going in opposite directions shall in passing turn out to the right, but common experience shows that drivers on country roads usually use the center of the road.

Negligence must be determined by all the circumstances, and taking the plaintiff's own version of the affair her driver was guilty of contributory negligence in entering the street the way he did.

The assignments of error are overruled and the judgment is affirmed.