## Post, Appellant, v. Richardson.

*Negligence—Automobiles—Collision between car and sled—Sudden emergency—Rule of the road.*

1. Negligence cannot be imputed because of the failure to perform a duty so suddenly and unexpectedly arising that there is no opportunity to apprehend the situation and to act according to the emergency.

2. A woman cannot recover for the death of her husband while coasting on a sled, on a steep slope, killed in collision with an automobile, where it appears that the automobile in ascending the slope, turned to the left side of the road, in order to pass persons drawing sleds up the hill immediately ahead, that the driver immediately afterward saw the decedent's sled coasting towards him on the same side of the road about 175 feet away, that as the two vehicles approached each other, both turned at the same time in the same direction, the automobile to the right and the sled to the left, that the automobile held its course, while there was another shift in the course of the sled to the right, with the resulting collision.

Argued January 13, 1922. Appeal, No. 202, Jan. T., 1922, by plaintiff, from judgment of C. P. No. 3, Phila. Co., March T., 1920, No. 3080, for defendant n. o. v., in case of Edith S. Post, widow of William H. Post, deceased, v. Maurice F. Richardson. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,500.

Judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Frederick J. Knaus,* for appellant.—The case was for the jury: Bell v. Jacobs, 261 Pa. 204.

It is not negligence to coast with sleds on a public highway: Nevins v. Del. & Hudson Co., 261 Pa. 32; Yeager v. Gately & Fitzgerald, 262 Pa. 466; Foote v. Am. Product Co., 195 Pa. 190.

*Maurice W. Sloan,* with him *Raymond A. White, Jr.,* for appellee.—Decedent was a man having his full faculties; he was thirty years of age; and the defendant had a right to assume that a man of that age, using the highway, would use it in a proper way: Rowan v. Atlantic Refining Co., 244 Pa. 201.

OPINION BY MR. JUSTICE SCHAFFER, February 6, 1922:

Plaintiff appeals from a judgment, entered against her non obstante veredicto, in an action to recover damages for the death of her husband, resulting from the collision between a large sled on which he was coasting and defendant's automobile.

The accident took place about nine thirty at night on the Lancaster Pike, part of the Lincoln Highway, on a snow-covered hill leading through or out of Berwyn. Plaintiff's decedent, thirty-one years of age, was the steersman of the sled, which was steered with a wheel. He was seated on the front of the sled with six other persons riding behind him. The highway, at the place where the accident occurred, runs east and west, is about forty feet wide, with an asphalt surface, about twenty feet wide in the centre. The declivity of the hill on which the coasting was taking place—there were many persons coasting on it at the time—was to the east, and the sled under the deceased's guidance, was going in that direction. Part way down the hill, there was a turn in the road, which prevented a view by those going down the hill of its lower reaches, and by those

coming up, of the down-bound, until they had rounded the turn. The sled had begun its journey some distance west of the turn, and when it passed the turn, and from that point to the place of the collision some 175 or 200 feet from the bend, it was running at a speed estimated from fifteen to twenty-five miles an hour. The sled was on the south, right-hand side, of the highway.

As the occupants of the sled rounded the bend in the road, they observed the lights of an automobile coming up the hill toward them on the south side of the road. As the two moving vehicles neared each other, and when only a few feet apart, the deceased, evidently thinking there was not room to pass the automobile to the right— there being a gutter and culvert on that side of the road and the crown of the road sloping somewhat sharply— suddenly turned the sled to the left; at the instant of his doing so, defendant who was driving his own car, a roadster, obeying the rule of the road, turned it to the right, in an endeavor to avoid contact with the sled. Deceased, evidently noticing this change of direction by the automobile, swerved the sled suddenly to the right, but did not clear the automobile, collided with it about its centre, and died from the injuries he received.

Defendant coming up the hill with his car under control and his lights lit, chains on the wheels, at a speed of ten miles an hour, saw ahead of him on the north (right-hand) side of the road, groups of coasters, in some places as many as four abreast, drawing their sleds up the hill. As was his duty under the law, (Act of June 30, 1919, P. L. 694), he passed these persons on the left, to do so being required to go to the south of the centre of the road. Having gotten by them, he proceeded along the south side of the road a short distance, and saw the sled coming toward him, about 175 feet away when he first observed it; this was the distance at which the occupants of the sled testified they first noticed him. As the two vehicles neared each other—at the speed they were going they closed the gap in less than five seconds—both

turned at the same time in the same direction, the automobile to the right, the sled to the left, the automobile held to its course, and there was another shift in the course of the sled toward the south. The collision took place near the middle of the road.

Had the sled not made its first turn to the left, in all probability it would have passed the automobile in safety. We agree with the learned court below that the circumstances shown establish no negligence on defendant's part. Plaintiff's case would seem to be based on the assumption that vehicles have no right to be on the left side of the highway, but at times they must be there,—no law requiring traffic to move in two undeviating lines. As this regrettable accident was not due to the defendant's failure to exercise care, he cannot be held accountable for it. There was a sudden emergency created in which he acted with the best judgment he could command. "Negligence cannot be imputed because of the failure to perform a duty so suddenly and unexpectedly arising that there is no opportunity to apprehend the situation and to act according to the exigency": Eastburn v. United States Express Co., 225 Pa. 33.

The judgment is affirmed.