## Termini *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Collision—Wife passenger — Imputation of negligence.*

In an action of trespass against a street railway company to recover damages for personal injuries, the evidence on the part of the plaintiff, although contradicted, was that when his carriage was 20 feet away from the tracks, the trolley car was standing over 100 feet away, discharging passengers, and that before the plaintiff had time to cross the tracks the car struck the rear of his vehicle, causing the accident.

In such case, even when the court entered a judgment of nonsuit as to the husband, on the ground of contributory negligence, the case of the wife was properly submitted to the jury.

In answer to questions as to what she was doing before the collision, she replied that she was sitting in the rear seat of the carriage, and had done nothing. It was further developed that no proof was submitted that she had ever been at the place of the accident before or knew that the tracks were there.

Under such circumstances, the court could not declare her guilty of contributory negligence unless the danger was, or should have

been, manifest to her, with adequate opportunity to control the situation. The question was therefore properly submitted to the jury, and a verdict in her favor will be sustained.

Argued October 30, 1924. Appeal, No. 173, Oct. T., 1924, by defendant, from judgment of Municipal Court of Philadelphia, Oct. T., 1923, No. 973, on verdict for plaintiff, Sarah Termini, in the case of Sarah and Nicholas Termini v. Philadelphia Rapid Transit Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment of nonsuit in the case of Nicholas Termini and submitted the case of Sarah Termini to the jury. Verdict in favor of the latter, in the sum of $300 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Charles J. Biddle,* for appellant.—The plaintiff, although a passenger, was guilty of contributory negligence: Hicks v. Phila. Rapid Transit Co., 53 Pa. Superior Ct. 174; Brown v. Traction Co., 14 Pa. Superior Ct. 594; Kirschbaum v. Phila. Rapid Transit Co., 73 Pa. Superior Ct. 536; Dean v. Penna. Railroad Co., 129 Pa. 514; Landenberger v. Easton Transit Co., 261 Pa. 288; Martin v. Penna. Railroad Co., 265 Pa. 282; Dunlap v. Phila. Rapid Transit Co., 248 Pa. 130.

*Paul M. Wintrob,* for appellee, cited: Senft v. Railroad Co., 246 Pa. 446; Young v. Phila. Rapid Transit Co., 23 D. R. 566.

OPINION BY LINN, J., February 27, 1925:

A two-seated carriage, driven eastward on the Parkway by Nicholas Termini, his son on the front seat with him and his wife occupying the back seat, was struck by a street car traveling southward on 22d Street. The horse was killed, the carriage smashed, and the occupants were injured. Husband and wife brought suits; he was nonsuited because of contributory negligence; her case went to the jury and she got a verdict. He accepted the result of his suit but defendant appealed from judgment on her verdict.

Two points are now made: first, that her contributory negligence bars recovery; and, second, defendant was not negligent.

1. There is no evidence as to what, if anything, the wife did just before the collision, except the following: in chief, she said, "I was sitting in the carriage." In cross-examination, this appears: "Q. You were sitting beside your husband in the carriage? A. I was in the back seat. Q. Have you told us everything you did and everything you saw about this accident?......A. That is all." Appellant contends that it follows from her evidence, that she failed to observe the measure of care imposed on one traveling in a vehicle driven by another not a common carrier. We must, however, consider her testimony in connection with the other evidence in the case, always remembering that we may inquire only whether there is evidence to sustain the verdict, not whether we should have found the facts as the jury did.

The husband said that his horse and carriage were about 20 feet over all, and that when he was "about 20 feet away from the car track," "the car was standing still,—passengers getting off......," "over 100 feet away" on his left side. He also said, "The second time I saw the car it was about 80 feet away," at a time "the horse's head had just started to cross the track." Before he completed the crossing, the car struck the back part of his carriage and did the damage. The son testified that

he saw the car "a hundred and some feet over at the car stop letting passengers off, and I looked—I gave the first glance and saw the passengers getting off, and it was still raining, and I said 'Keep right on going ahead,' and the horse and carriage kept on going, and just as the horse was on the track, in fact, his front feet were going off the track, the car started. It approached and we just kept on going, and the next thing we saw was just as the carriage got off the track......." They gave the hour of the accident as six o'clock p. m. on the 19th of August.

The witnesses for the defendant tell a very different story. The motorman states the time as 8:12; says it was "dark, raining; pouring rain and thundering"; "it was as dark as it could be." He states that "all the street lights were out," and that he did not see plaintiff's carriage until he was within 15 feet of it. He was asked whether he rang his bell in crossing the Parkway, and answered that he did so,—"all the way across, yes sir. I couldn't see nothing because all the lights were out." His testimony in other respects also materially contradicted the evidence of plaintiffs, though we refer now only to what may be substantially relevant on the point whether the wife's contributory negligence can be determined as a matter of law or not. The evidence of the conductor and of two passengers in the car corroborated the motorman as to the hour, the darkness, and the rain.

With the jury in possession of such contradictions, we inquire what there is to permit the court to hold that the wife omitted any duty in the circumstances. "If she voluntarily went into a danger that she could have avoided or joined her husband in testing a danger of which she knew, her contributory negligence would prevent her recovery": Senft v. W. Md. Ry. Co., 246 Pa. 446, 448; Nutt v. Pa. R. R., 281 Pa. 372. But it is not "the wife's duty to observe at all times the roadway ahead of her in substantially the same manner as though she were driving......": Azinger v. Pa. R. R. Co., 262

Pa. 242, 251.  In the opinion filed in Azinger's case, the instructions given below were disapproved because they "had the effect of leading the jury to believe the law imposed upon the wife substantially the same measure of care as it imposed on the driver.  These instructions failed to make the wife's negligence depend on her actions in view of the knowledge she had of the existence of danger, but imposed upon her the duty of discovering possible danger ahead, thus holding her to substantially the same responsibility as the driver of the car.  The rule established by our cases is that when danger arising out of the operation of a vehicle by another is manifest to a passenger who had adequate opportunity to control the situation, if he sits without protest and permits himself to be driven to his injury, his negligence would bar a recovery."

It does not appear that the wife had ever been along there before, or that she knew the car tracks were there; or assuming her familiarity with the place, that as she approached in the darkness and in the rain described by defendant's witnesses, she recognized where she was or could have seen any more than they saw.  From the rules of decision quoted, the trial court could not declare her guilty of contributory negligence unless the danger was or should have been manifest to her, "with adequate opportunity to control the situation"; if they drove along in the darkness and in the rain, as the jury may have found, the danger may not have been manifest nor would she have had adequate opportunity to control the situation.  The trial judge submitted her contributory negligence to the jury and no criticism is made of the manner in which he submitted it.  Contradictory as the evidence is, the jury had the duty of selecting what it deemed credible and that selection is represented by its verdict; as there is evidence to support it, we may not inquire further.

2. The other objection made by appellant is that there is no evidence of negligence.  We have already quoted

the motorman's testimony that it was so dark he couldn't see ahead of him a sufficient distance to stop if necessary. If that was the fact, it was negligence to proceed. No one has the right to drive a street car or any other vehicle on the public highway when he cannot see sufficiently to control his vehicle with due regard for the rights of others lawfully on the same highway. Moreover, the jury may have accepted the evidence of Termini that when he was 20 feet from the track, the street car was over 100 feet away standing, and discharging passengers, and that accordingly the collision could not have taken place if the street car had resumed its progress and crossed the street with the care required in the circumstances.

Judgment affirmed.