# Boose, Appellant, *v.* Walker.

*Negligence—Automobile—Collision—Non suit.*

In an action of trespass for injuries resulting from a collision between two automobiles, a non suit is properly entered, where the evidence established that the plaintiff, while emerging from a private road to a public highway, saw the defendant approaching on his right and did not stop until the defendant's machine had collided with the one which he was driving.

Assuming that the cars were about to reach the intersection at the same time, it was the duty of the plaintiff to stop his car or to veer to the right or left in order that a collision might be avoided. The approaching car of the defendant was at the plaintiff's right. The rule established by section 25 of the Act of June 30, 1919, P. L. 678, which provides that when two vehicles approach the intersection of two public highways at the same time, the vehicle approaching from the right shall have the right of way, may reasonably be applied to the case of a private driveway terminating in a public thoroughfare.

It is not negligence per se to drive on the left hand side of a highway. When vehicles pass, going in opposite directions, they must necessarily diverge from a direct line and the custom of the road and the law of the commonwealth require that vehicles pass to the right, but the observed practice of drivers is to take the middle of the road where there is no adverse traffic. There is no law which requires the movement of vehicles on direct lines. They are only required to be on the right where the demands of safety and the presence of cars moving in the opposite direction so require.

Argued April 15, 1925. Appeal No. 21, April T., 1925, by plaintiff from the decree of C. P. Somerset County, May T., 1923, No. 215, in the case of Walter M. Boose v. Oscar Walker. Before HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover for damages to automobile. Before BERKEY, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment of compulsory non suit, which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was the decree of the court.

*Norman T. Boose,* and with him *Budd B. Boose,* for appellant.

*Clarence L. Shaver,* for appellee.

OPINION BY HENDERSON, J., July 9, 1925:

This action grows out of an automobile collision. A public highway extending eastwardly and westwardly is located in front of the plaintiff's house and farm buildings and about one hundred feet therefrom. A private road leads in a southerly direction from these buildings to the highway. At the right of this road, as one passes from the house to the highway, is a small hill or bank which shuts off the view of the highway to one approaching it from the farmhouse. The private road has a gradual but slight descent and at or near the highway is about sixty feet wide. Early in the afternoon of an August day, the plaintiff started from his home in a five passenger Lexington automobile with his young son to go to Myersdale. His destination required a right-hand turn when he reached the highway at the end of the lane. When he passed the bank at his right, at a place eight or ten feet from the highway, he saw the defendant thirty-five or forty-five feet down the road, driving eastwardly. The plaintiff then continued until his car was about eighteen inches on the traveled portion of the road, at which time the cars came together; the left front of the defendant's car striking the right front of the plaintiff's car, the point of contact with the plaintiff's car being immediately in front of the front wheel. The defendant's car was deflected to the opposite side of the road and came in contact with a telegraph pole. The traveled road was about twelve feet wide, the travel being on the north side. The negligence charged in the state-

ment of claim was the high rate of speed at which the defendant was driving and his presence on the left side of the road. No competent evidence was offered bearing on the rate of speed, and the only ground of complaint was therefore that the defendant was driving on the wrong side of the road. At the close of the plaintiff's case, a motion for a compulsory nonsuit was sustained, the learned trial judge being of the opinion that the plaintiff had not made out a case of negligence and that he was himself chargeable with contributory negligence. With respect to the latter question, it is to be noted that the plaintiff was familiar with the location at which the collision occurred. The road on which he traveled to the highway did not cross the latter, and we may confidently assume that he was aware of the fact that automobiles were passing the end of his private way at frequent intervals, some of them coming from the west, and inasmuch as he was prevented from observing conditions on the highway at his right because of the bank to which reference has been made, it was his duty to exercise special care in approaching the highway in order that that would be prevented which occurred to his misfortune and cost. Assuming that the cars were about to reach the intersection at the same time, it was the duty of the plaintiff to stop his car or to veer to the right or left in order that a collision might be avoided. The approaching car of the defendant was at the plaintiff's right. The rule established by Section 25 of the Act of June 30, 1919, P. L. 678, which provides that when two vehicles approach the intersection of two public highways at the same time, the vehicle approaching from the right shall have the right of way, may reasonably be applied to the case of a private driveway terminating in a public thoroughfare. The reason for the statutory rule warrants the application of a similar regulation to a situation such as existed here. If the plaintiff had stopped at once

when he saw the approach of the defendant at a very high rate of speed as he claims, the accident would not have happened. If he was ten feet from the highway at this time and had his car under such control as he claims, there was no apparent difficulty in veering to the left or stopping before reaching the highway. If he drove onto the traveled part of the road not having given warning of his approach and without taking notice of the defendant's oncoming car, his conduct was lacking in the special care to be exercised in approaching an intersecting highway at a blind crossing. The frequency of such accidents justifies us in emphasizing the necessity of special caution in the control of automobiles at intersecting lines of travel; particularly so when the field of view is limited.

It is unnecessary to consider the question of the defendant's negligence further than to say that it is not negligence per se to drive on the left side of the highway. When vehicles pass going in opposite directions, they must necessarily diverge from a direct line and the custom of the road and the law of the commonwealth require that the vehicles pass to the right, but the observed practice of drivers is to take the middle of the road when there is no adverse traffic. There is no law which requires the movement of vehicles on direct lines. They are only required to be on the right of the road when the demands of safety and the presence of cars moving in the opposite direction so require: Post v. Richardson, 273 Pa. 56; Gosling v. Gross, 66 Pa. Superior Ct. 304. How familiar the defendant was with the use made of the plaintiff's private way does not appear. We find no convincing reason suggested by the record which requires us to reverse the judgment. It is therefore affirmed.