## Sutton Press v. Keystone Pipe & Supply Co., Appellant.

*Automobiles—Collision—Contributory negligence—Driving car where view is obstructed—Section 19, Motor Vehicle Act, 1919.*

In an action to recover damages for injuries to an automobile, it appeared that the plaintiff drove (on an ascending hill) from behind a truck, when he could not see the left half of the road ahead of him. Before he could regain his place, the defendant's car, traveling where

it had a right to be, struck the automobile of the plaintiff. It further appeared that plaintiff did not have sufficient control of his car to enable him to return to his side of the road, on observing an approaching car.

Under such circumstances, the latter is guilty of contributory negligence and there can be no recovery.

The plaintiff was not entitled to the exclusive use of the highway. His rights were affected by the truck ahead of him, moving in the same direction and obstructing his view, and by the possibility that an approaching vehicle, which he could not see, might be lawfully occupying the road.

Argued April 23, 1925. Appeal No. 193, April T., 1925, by defendant, from judgment of C. P. Butler County, June T., 1924, No. 30, on verdict for plaintiff in the case of Sutton Press, a Corporation, v. Keystone Pipe and Supply Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover for damages to automobile. Before HENNINGER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $494.60, and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were the charge of the Court, answers to points, refusal to grant a new trial and refusal of defendant's motion for judgment non obstante veredicto.

*J. Campbell Brandon,* and with him *James O. Campbell* and *W. D. Brandon,* for appellant, cited: Johnson v. Bickerton, 83 Pa. Super. Ct. 270, 272; Fulton v. Pullman Taxi, 71 Pitts. L. J. 398; Knaell v. P. M. & B. Ry. Co., 83 Pa. Super. Ct. 355; Mehler v. Doyle, 271 Pa. 492; Flanigan v. McLean, 267 Pa. 553, 557; Cramer v. Aluminum Co., 239 Pa. 120; Stubbs v. Edwards, 260 Pa. 75.

*Zeno F. Henninger,* for appellee, cited: Bucklin v. Davidson, 155 Pa. 362; Bellman v. Railway Co., 31 Sup. 389; McManamon v. Hanover Twp., 232 Pa. 439; Waltosh v. Penna. R. R. Co., 259 Pa. 372; Danner v. Wells, 248 Pa. 105; McMillen v. Steele Co., 275 Pa. 584; Maurer v. Rogers, 250 Pa. 447; Stehle v. Jaeger Machine Co., 225 Pa. 348; Kelly v. Anderson, 87 N. W. 579; Jester v. P. B. & W. Railroad Co., 267 Pa. 10.

OPINION BY LINN, J., July 9, 1925:

Contributory negligence prevents recovery. Plaintiff's car travelled an ascending grade about 50 feet behind a "large covered truck," 6 feet 6 inches wide, and about 10 feet high, that obstructed the driver's view of any obstacles ahead of the truck as well as of approaching traffic. The paved road was 16 feet wide, with perhaps 4 feet of dirt road on the left of the paving. On the right half of the paved road, and therefore an obstacle to the truck's progress, were two coils of telephone wire, about to be strung. The truck moved up the grade at 15 miles an hour and slowed down as it approached the wire until it came to a stop, travel around the wire on the left being impossible because of defendant's approaching car. At about the same time, having determined to pass the truck, the driver of plaintiff's car, without signifying that intention to the truck driver (who was called by plaintiff and testified he did not know plaintiff's car was behind him), started into the left half of the road, to pass the truck, when immediately he observed defendant's car about 100 feet ahead of the truck, approaching at high speed. Plaintiff's driver turned his car to get back to the right half of the road behind the truck, but perhaps mistaking the diminishing speed of the truck, ran into its rear left wheel; as he himself described it, his "bumper caught the rear wheel of the truck ahead and caused me to recoil somewhat; that recoil possibly threw the left rear end of my car

slightly over the middle of the road. There I stopped and within what seemed to be but the fraction of a second after that I was struck by [defendant's] car in the left rear end.''

We accept the evidence on behalf of plaintiff that at the point where its driver attempted to pass, he was more than 200 feet from the crest of the hill, but it is obvious that he attempted to pass the truck ''recklessly or at a rate of speed greater than is reasonably proper, having regard to the width, traffic, and use of the highway......'' (section 19 of the Motor Vehicle Act of 1919, P. L. 689). The driver drove from where he could not see whether the left half of the road ahead of him was in use, only to find that it was, and, not only that, but he did so without such control of his car as would enable him to get back to his side of the road, on observing an approaching car already committed to the portion of the road he proposed to traverse. It has been repeatedly held that a man may not drive where he cannot see, without bearing the resulting consequences: Gosling v. Gross, 66 Pa. Superior Ct. 304; Knaell v. P. M. & B. Ry Co., 83 Pa. Superior Ct. 355; Termini v. P. R. T. Co., 84 Pa. Superior Ct. 592. This driver was not entitled to the exclusive use of the highway; his use was affected by the right of the truck moving in the same direction ahead of him, and obstructing his view, and by the possibility that an approaching vehicle which he knew he could not see might properly be committed to the use of that part of the highway, into which he went in circumstances where he could not get back after discovering that the road was in use. His own mismanagement of the car contributed to the collision.

Judgment is reversed and here entered for defendant.