## Johnston et al., Appellants, v. McDade et al.

*Negligence—Automobiles—Pedestrians—Failure to observe proper precautions—Judgment for defendant n. o. v.*

In an action of trespass to recover damages for personal injury, judgment non obstante veredicto in favor of defendant is properly entered, where it appeared that the plaintiff was struck by an automobile while walking from behind a trolley car, when he did not have a proper view of approaching traffic. The evidence established that

**378**    JOHNSTON et al., Appellants, *v.* McDADE.

the plaintiff stepped out on to the street, after the trolley car was in motion, and so soon after it moved, that he could not tell whether there were vehicles on the highway.

It is the duty of one crossing a public highway to look and listen to ascertain whether vehicles are approaching and to be alert after he starts to cross the street.

The obligation of a person crossing a street to give attention to the approach of vehicles is not relaxed or dispensed with by the law of the road that vehicles approaching each other must pass to the right. Where the way is open and clear there is no legal requirement that vehicles be moved in undeviating lines.

Argued April 27, 1926.    Appeal No. 70, April T., 1926, by plaintiff, from judgment of C. P. Allegheny County, January T., 1923, No. 642, in the case of Samuel M. Johnston, a Minor, by his father and next friend W. W. Johnston, and W. W. Johnston in his own right, v. Arch R. McDade and Thomas McDade. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP, and CUNNINGHAM. JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before SHAFER, P. J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of plaintiffs. Subsequently the court entered judgment in favor of the defendant non obstante veredicto. Plaintiff appealed.

*Error assigned,* among others, was the judgment of the Court.

*J. Thomas Hoffman,* and with him *Harrison & Harrison,* for appellants.

*William D. Grimes,* for appellee.

OPINION BY HENDERSON, J., July 8, 1926:

The plaintiff, a boy fourteen years of age, was struck by an automobile driven by the defendants on the Free-

port Road in the Village of Harmerville. The accident occurred at or near the intersection of that road with the Guys Run Road. An interurban street car, northward bound on a track substantially parallel with the Freeport Road, stopped at the Guys Run Road intersection; the front part of the car being on that road. The plaintiff, intending to cross the Freeport Road, waited until the car had started and "walked in back of it about three feet away and looked down the road." He then stepped from the trolley track on to the pavement and was immediately struck. The automobile was moving southwardly and the plaintiff's view of it was obstructed by the trolley car. The negligence charged against the defendants was that they were driving at an excessive rate of speed and on the left hand side of the road near the line of the trolley car. A verdict having been rendered in favor of the plaintiff, a rule was entered for judgment n. o. v. for the defendants, on the ground that the plaintiff was negligent in walking in front of the automobile before he had an opportunity to look for vehicles moving southwardly on the highway. This rule was made absolute, the court being of the opinion that the plaintiff could not recover because of his negligence. It is clear from the plaintiff's testimony that when he was behind the street car as it started he had no view to his right up the Freeport Road because of the car. It is also clear that if he had looked northwardly at the time when he stepped on to the street, he could have observed the automobile and have avoided the injury. It was unnecessary on his part to expose his whole body to obtain a view of its approach. The evidence leaves no room for doubt that he stepped out onto the street after the trolley car was in motion, and so soon after it moved that he could not tell whether there were vehicles on the highway or not. It is the duty of one crossing a public highway to look and listen to as-

certain whether vehicles are approaching and to be alert after he starts on the street: Lorah v. Rinehart, 243 Pa. 231. In the lapse of a very few seconds, the street car would have cleared the field of view and have enabled the plaintiff to observe the automobile. In his haste or because his attention was otherwise attracted, he did not delay his movement and placed himself in the way of the automobile without having seen it until just as he was struck. The result is much to be regretted, but unless we are to disregard a rule of action established by many precedents, it is our duty to affirm the judgment of the trial court. Many of the accidents to persons occur because of thoughtlessness or inattention on the part of the injured at the critical moment, and this was a case of that character. It is contended by the appellant that the defendants were negligent in driving on the left side of the road and that the plaintiff was not bound to anticipate the negligence of a driver on the highway; but the obligation of a person crossing the street to give attention to the approach of vehicles is not relaxed or dispensed with by the law of the road that vehicles approaching each other must pass to the right. Where the way is open and clear there is no legal requirement that vehicles be moved in undeviating lines: Post v. Richardson, 273 Pa. 56. Much as we sympathize with the misfortune of the plaintiff, we are unable to abrogate or suspend the law which regulates our action.

The assignments are overruled and the judgment affirmed.