# Harrison *v.* Goldstein, Appellant.

*Negligence—Personal injuries—New trial—Discretion of court.*

Where, in an action of trespass to recover damages for personal injuries the evidence is conflicting as to the right of plaintiff to recover, but indicates that plaintiff's injuries are of a serious character, it is not error for the trial court to grant a new trial, after a verdict for the plaintiff in the sum of $1,000, on the ground that the award was inadequate.

In such case the verdict of the jury must be accepted as determining defendant's liability for plaintiff's injuries, and the granting of a new trial by the court below will not be disturbed in the absence of manifest abuse of discretion.

The trial judge had the witnesses before him, saw the plaintiff, and heard the testimony as to the extent and character of his injuries. He was therefore in a position to determine whether the verdict was adequate, and his order granting a new trial will be affirmed, in the absence of any proof of abuse of judicial discretion.

Argued October 7, 1927. Appeal No. 70, October T., 1927, by defendant from order of C. P. No. 2, Philadelphia County, June T., 1925, No. 13531, in the case of B. M. Harrison v. Louis Goldstein. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before GORDON, JR., J.

The opinion of the Superior Court states the case.

Verdict for plaintiff in the sum of $1,000. Subsequently, on motion, the court granted a new trial. Defendant appealed.

*Error assigned* was the order of the court.

*Harry L. Axelroth,* and with him *Axelroth and Porteous,* for appellant, cited: Grossman v. R. R. Co., 289 Pa. 171; Class & Nachod Brewing Company v. Giacobello, 277 Pa. 530; Cleveland Worsted Mills Co. v. Myers-Jolesch Co., Inc., 266 Pa. 309; March v. Philadelphia and West Chester Traction Company, 285 Pa. 413; Woodward v. Traction Co., 17 Pa. Superior Ct. 576; Donoghue v. Traction Co., 17 Pa. Superior Ct. 582.

*W. Logan MacCoy,* of *MacCoy, Evans, Hutchinson and Lewis,* for appellee, cited: Babbitt v. Jackson, 279 Pa. 480; Klekotka v. Chalfant, 82 Pa. Superior Ct. 159; Palmer v. Publishing Company, 7 Pa. Superior Ct. 594; Gail v. Philadelphia, 273 Pa. 275.

PER CURIAM, November 21, 1927:

This is an action of trespass for personal injuries. The trial resulted in a verdict for plaintiff in the sum of one thousand dollars. The evidence was conflicting as to the right of the plaintiff to recover anything, but it indicated that the injuries of the plaintiff were of a

serious character.  The plaintiff made a motion for a new trial, upon the ground that the verdict was inadequate.  The learned judge who tried the case was of opinion that if the plaintiff was entitled to recover anything the damages awarded by the jury were inadequate and granted a new trial, which action is the foundation of the only assignment of error by the defendant.

The decision of the question presented was one in which the court below was vested with discretion.  The question whether the plaintiff was entitled to recover was one for the jury and the verdict must be accepted as determining that the injuries of the plaintiff were the result of negligence for which the defendant was answerable.  The learned judge had the witnesses before him, he saw the plaintiff, heard the testimony as to the character of his injuries, and was in much better position than we possibly can be to determine whether the verdict was adequate compensation to the plaintiff for his injuries, in case he was entitled to recover anything.  In such a case the decision of the court below is only to be reversed in case of a manifest abuse of discretion.  We are not in this case convinced that the decision of the court below involved an abuse of discretion.

The order of the court granting a new trial is affirmed and the appeal dismissed.