Shellenberger et al. *v.* Reading Transportation Co., Appellant.

Argued January 19, 1931. Before WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Webster S. Achey,* for appellant.—The negligence of the driver of the automobile was the proximate cause of the accident: Nirdlinger v. Am. D. Tel. Co., 245 Pa. 453; Behling v. Pipe Lines, 160 Pa. 359; Boggs v. Tea Co., 266 Pa. 428; Ellison v. Refining Co., 62 Pa. Superior Ct. 370; McGowan v. Boney, 74 Pa. Superior Ct. 123; Bernstein v. Smith, 86 Pa. Superior Ct. 366.

Even though the bus may have been over the center line of the road, this was no evidence of negligence, because under recent decisions the appellate courts have held there is no law requiring traffic to move in two undeviating lines, hence there is no absolute requirement to keep either side of the road: Bloom v. Bailey, 292 Pa. 348; Boose v. Walker, 86 Pa. Superior Ct. 221; Gosling v. Gross, 66 Pa. Superior Ct. 304; Post v. Richardson, 273 Pa. 56.

The collision raises no presumption against defendant: Flanigan v. McLean, 267 Pa. 553; Stearn v. Spinning Co., 184 Pa. 519; Eastburn v. Express Co., 225 Pa. 33.

*Thomas Ross,* for appellee.—A negligent act may be the proximate cause of an injury although not the sole nor immediate cause, where the intervening act is set in motion or induced by the negligent act and the consequence is one that should have been foreseen: Stemmler v. Pittsburgh, 287 Pa. 365; Haverly v. Ry., 135 Pa. 50; Dannehower v. W. U. Tel. Co., 218 Pa. 216; Nirdlinger v. Tel. Co., 245 Pa. 453.

When one is confronted by a sudden and unexpected danger and has but a moment in which to act, he cannot be held liable for negligence on the ground that he failed to see and follow what may appear on reflection to have been the wiser course: Moquin v. Mervine, 297 Pa. 79, 81; Dunfee v. Phila., 97 Pa. Superior Ct. 413.

No fixed measure of time or distance from the main occurrence can be established as a rule to determine what shall be part of the res gestæ: Keefer v. Ins. Co., 201 Pa. 448; Coll v. Transit Co., 180 Pa. 618; P. R. R. v. Books, 57 Pa. 339.

OPINION BY MR. JUSTICE SCHAFFER, March 16, 1931:

Defendant appeals from judgments entered on verdicts awarded plaintiffs against it in an action to recover damages for personal injuries sustained in a collision on a public highway between the automobile in which they were riding and one of appellant's large passenger busses.

The appellees are mother and minor daughter. The automobile was being driven by the mother and the daughter was riding in the rear seat with a friend. The testimony of plaintiffs is to the effect that as they approached the scene of the collision, driving on the right-hand side of the road, the mother observed the bus coming in the opposite direction around a long curve at a speed variously estimated up to forty miles an hour. It had been raining but the rain had ceased. The roadway was wet. It was of concrete eighteen feet wide. The automobile and bus were then about seventy feet apart

and the bus was over the marked center line of the high-
way from one and a half to two feet. The bus continu-
ing to travel beyond the center line and seeming to
sweep over toward her, the plaintiff driver feared it
would strike her; to avoid a collision, she swerved her
car to the right; in doing so the right front wheel went
off the concrete onto the soft shoulder of the road, and,
losing control of her car, it skidded into the bus, strik-
ing the latter first on its left front fender and again
near its center. The automobile was badly damaged
and the plaintiffs injured. She said if she had stayed
on the concrete, the bus would have struck her. The col-
lision took place about the apex of the curve. The photo-
graphs show that the impact with the bus was at the
left and rear of the automobile, indicating that when it
struck the bus, the automobile must have been in a some-
what diagonal position on the road. Two witnesses who
were driving automobiles along the highway ahead of
and in the same direction as plaintiffs' car was going,
testified that the bus passed them beyond the curve, that
it was being driven over the center line of the road,
crowding one of them off the concrete onto the shoulder
of the road, and the other to the edge of the cement.

Defendant's testimony, summed up, was that the bus
was being driven at an average rate of speed prior to the
accident; that it left the concrete on the right side, be-
fore the collision in attempting to avoid it; that the
automobile was being driven at a high rate of speed;
that it slid or skidded into the bus when the latter was
off the concrete.

The bus was thirty-eight feet long. The wheel marks
indicated that it traveled fifty-two feet on the shoulder
of the road and then hit a telephone pole which it pushed
some three or four inches out of place. Defendant con-
tends that the collision took place when the bus was off
the concrete and that this is demonstrated by the fact
that the wheel marks of the bus show that it ran fifty-
two feet along the shoulder of the road off the concrete

and that the point of impact of the two vehicles was only from four to eight feet from the telephone pole where the bus came to a stop.

Appellant advances three propositions: First, that the proximate cause of the accident was the skidding of the automobile into the bus. There may be warrant for this conclusion under the evidence of certain witnesses who testified in defendant's behalf, but the situation is not established with such a degree of certainty and definiteness as to permit the court to rule the question of proximate cause as a matter of law. It is only in cases where there is no controversy in the testimony establishing the proximate cause that the question can be ruled as one of law: Mason v. Lavine, 302 Pa. 472. It could not be said, in view of Mrs. Shellenberger's testimony, supported as it is to some extent by other witnesses, that it was established that the automobile skidded into the bus due to her negligent driving.

It is argued that even though the bus may have been over the center line of the road, this was no evidence of negligence because it has been recognized that there is no legal requirement that traffic on the highways shall move in two undeviating lines (Bloom v. Bailey, 292 Pa. 348; Post v. Richardson, 273 Pa. 56; Boose v. Walker, 86 Pa. Superior Ct. 218; Gosling v. Gross, 66 Pa. Superior Ct. 304.) Granted that this is so, the rule would not cover the pending case. Every one knows that there is a certain fearsomeness about the approach of large busses and trucks when they are driven at high speed on narrow highways beyond the center line of the road, particularly is this so on curves. The driver of the bus could see the automobile in which plaintiffs were riding for a considerable distance, several hundred feet, as they approached him. He should have given them their full fair share of the road.

Defendant's second contention is that the driver of the automobile was guilty of contributory negligence

because she did not see the bus approaching until she was within sixty or seventy feet of it, while she had an unobstructed view of it for over six hundred feet. We could not pronounce such a circumstance contributory negligence as a matter of law. The rules as to the necessity of observing traffic approaching on the road one is traveling upon are not the same as applied to travel approaching on intersecting roads where one is bound to keep an observant lookout. The traveler on a highway can take for granted, at least to a certain degree, that others approaching him will observe the customary rules of the road and so long as he keeps to his side of the road need not keep his eyes at all times riveted on the highway in front of him. The driver of the automobile, under her version, would have been entirely safe from injury had the bus driver kept to his side of the road.

The third complaint is of the admission of the testimony of the two witnesses who passed the bus before it reached plaintiffs to the effect that it was being driven beyond the center of the highway and forced them off the road and as to its then speed. One of them passed it about three hundred feet from the scene of the accident and the other about nine hundred feet therefrom. The court admitted the evidence as part of the res gestæ of the accident. Whether properly admitted for this reason or not, we need not determine. We think it showed a state of affairs sufficiently close to the scene of the accident as to be to some extent at least corroborative of what the plaintiff testified confronted her just before it occurred, a disregard on the part of the driver of the bus of his duty to give approaching traffic its fair share of the highway and a driving around the curve at what might well be considered a high rate of speed under the circumstances: Hamilton v. Hastings, 172 Pa. 308; Lynch v. Meyersdale Electric Light, Heat & Power Co., 268 Pa. 337.

The case was one for a jury's consideration. We discover nothing warranting a reversal.

The assignments of error are overruled and the judgments are affirmed.