## Hilkirk *v.* Hughes, Appellant.

Argued April 15, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*C. E. Brockway* of *Brockway & Whitla,* for appellant.

*Louis J. Wiesen,* for appellee.

OPINION BY TREXLER, P. J., July 8, 1931:

This is an action of trespass brought by the widow of Hilkirk to recover damages for the alleged negligent killing of her husband. He was an employe of the Sharpsville Railroad Company and with seven other employes was riding on a small motor hand car called a paddy car. It was crossing a public road at the rate of about 3 or 5 miles an hour going northwardly and the defendant was coming from an eastwardly direction, and going, as he approached the crossing, at the rate of 20 or 25 miles an hour.

Hilkirk and another employe were sitting on the east side of the car. As it was about halfway across the roadway, defendant's automobile continued to approach and got quite close, so the decedent evidently apprehensive of a collision, hollered, "jump," and both he and the man sitting aside him jumped; the one escaped uninjured, but Hilkirk jumped southwardly into the path of the automobile and was killed.

In order to pass the paddy car, the defendant's car was swerved to the left. The defendant had not

stopped, looked and listened. Under these facts, we all think it was the duty of the jury to pass upon the matters involved. The defendant came at what, under the circumstances, the jury might regard as a rapid rate and although he testified that he slackened his speed, there was evidence that might reasonably sustain the contention that the decedent was put in a position of what appeared to be imminent danger and if so, he could not be charged with contributory negligence in not choosing the proper direction in which to jump. The man sitting aside of him used better judgment and escaped, but that does not necessarily impute negligence to the decedent in not adopting the same method. See Shellenberger v. Reading Trans. Co.. 303 Pa. 122.

As far as the negligence of the defendant is concerned, that was also for the jury. Taking all the circumstances as portrayed by the plaintiff's witnesses, did he act in a proper manner? He saw the paddy car; it had the right of way; it was not required to stop to let his automobile pass, although, of course, both parties were bound to the prudence of ordinary men. The rule which imposes the duty before crossing the tracks to "stop, look and listen" is an element in the case referred to in the charge of the court and proper for the consideration of the jury. Under the circumstances presented, the court could not enter judgment in favor of the defendant.

There is another matter presented to us: the decedent was thirty-five years of age, in good health and earned $4 per day, or at the rate of $1,248 per year, if he worked steadily. The verdict in the case was for $1,000. The doctor bills and expenses incident to the death were $761, that left the widow $239 as damages for the death of her husband. The lower court thought it too little and granted a new trial. The appellant claims that this was error. The granting of the new

trial was a matter within the sound discretion of the court, and unless the facts show there was an abuse of discretion in so doing, we will not interfere. There must be a compelling reason for this court to set aside a granting of a new trial, when in the opinion of the lower court, justice requires that that should be done. We repeat what in substance was said in Harrison v. Goldstein, 91 Pa. Superior Ct. 538. The question whether the plaintiff was entitled to recover was one for the jury and the verdict must be accepted as determining that the death of plaintiff's husband was the result of negligence for which the defendant was answerable. The learned judge had the witnesses before him and heard the testimony and was in much better position than we possibly can be to determine whether the verdict was adequate compensation to the plaintiff, in case she was entitled to recover anything. In such a case the decision of the court below is only to be reversed in case of a manifest abuse of discretion. We are not in this case convinced that the decision of the court below in granting a new trial involved any abuse of discretion.

The judgment is affirmed and the record remitted so that a new trial may be had.