## Setlock v. Cohick

*Davies & Harrigan*, for plaintiff; *W. A. Kramer*, for defendant.

REESE, P. J., March 14, 1933.—The plaintiff, in whose favor the jury returned a verdict for $100, made a motion for new trial, principally on the ground that the verdict was inadequate.

It is necessary in the first instance to pass upon the defendant's contention that the plaintiff's motion for new trial was not made within the time prescribed by the rules of court. Rule 228 provides: "Motion for new trial . . . shall be made within five days after the verdict. When the verdict has been returned within the last five days of the court, such motion shall be made before the final adjournment, unless, by special leave of the court, the time is extended."

The verdict in this case was returned by the jury on Wednesday, February 15, 1933. This case being the last one to be tried at the February term, the court

finally adjourned on that date, shortly after the verdict was recorded. On Saturday, February 18, 1933, at the instance of the plaintiff, the court, by order, extended the time for filing a motion for a new trial to Monday, February 20, 1933. On the latter date the plaintiff's motion with the reasons therefor was filed.

The defendant contends that under rule 228, supra, the verdict having been returned within the last 5 days of the court, the plaintiff should have made his motion for new trial before final adjournment, or if he wished special leave extending the time, such special leave should have been obtained before final adjournment. The plaintiff submits that special leave extending the time may be granted by the court after final adjournment.

We are thus faced with the construction and interpretation of rule 228 and must decide whether special leave extending the time for making a motion for new trial must be obtained before final adjournment, the verdict having been returned within the last 5 days of court and no motion for new trial having been made before final adjournment.

The rule of court under consideration does not expressly provide (as it might easily be amended to do) that special leave be obtained before final adjournment. To give the rule in its present form such an interpretation seems harsh and unjust. Suppose the following situation, which has happened and could easily recur, in a county where the civil trial lists are not heavy. The first case on the list is tried and the jury returns a verdict. The remaining cases on the list are quickly disposed of by nonsuit, continuance, or settlement, and court adjourns. Under the present defendant's contention, neither side in the case first tried could then move for a new trial or obtain special leave extending the time to make such a motion. Or suppose that shortly after the final adjournment a party to one of the cases tried discovers new and additional evidence which would justify a new trial. Under the defendant's interpretation of our rule of court, it would be too late to obtain special leave of court extending the time to make a motion for new trial.

When we consider that the trial court may grant a new trial on its own motion: Sheesley et ux. v. Harrisburg Rys. Co., 1 D. & C. 398; Bailey v. Borough of East Pittsburgh, 75 Pitts. 386; American Insulation Co., Inc. v. Best, 72 Pitts. 1088; Cronrath v. Border, 27 Pa. Superior Ct. 15; Commonwealth v. Gabor, 209 Pa. 201; even where there has not been compliance with the rules of court concerning motions for new trial; Clausius v. Clausius, 47 Pa. C. C. 399; and further, that the court can entertain a motion for new trial made after judgment entered on the verdict and after the expiration of the period fixed by the rules of court for such a motion, the court having the power to waive its own rule of practice: Lance v. Bonnell, 105 Pa. 46; and further, that the court has power to allow a motion for a new trial to be filed nunc pro tunc: Ferree v. Gilmore et al., 15 Westm. 105; within the term at which judgment was entered: Overdorf v. Colland, 17 Westm. 70; it does not seem unreasonable to conclude that the court may extend the time for filing a motion for new trial. We do not think that rule 228, supra, either expressly or by implication limits the power of the court so that such an extension must be granted before and not after final adjournment. Of course, the granting of such an extension is within the discretion of the court, and merely because it has been done in one case does not furnish a binding precedent or rule of practice for all other cases.

We find an analogous situation under the Practice Act of May 14, 1915, P. L. 483, which requires an affidavit of defense to be filed within 15 days after service of the plaintiff's statement. Section 22 gives the court power to extend the time fixed for the filing or service of any pleading. This extension may be

granted even after the expiration of the 15-day period: O'Brien v. Paul R. Hostetter Co., 41 York 161, the court saying: "Plaintiff's counsel endeavored to draw a distinction between the power to extend the time before it has fully elapsed, and permission to file after the original period has expired. We do not consider this a substantial distinction."

Passing to the merits of the motion for new trial, we are convinced that justice requires that the motion be granted. It follows from the verdict that the jury must have found that the defendant was guilty of negligence and that the plaintiff was not guilty of any negligence which contributed to the happening of the accident: in other words, they found that the defendant was liable for the damages resulting from the accident: Harrison v. Goldstein, 91 Pa. Superior Ct. 538, 540; Hilkirk v. Hughes, 103 Pa. Superior Ct. 73, 76. The uncontradicted testimony of the plaintiff and his witnesses showed that his automobile, only 26 days old, was practically demolished and had a junk value of $75, and that it was worth $900 before the accident. In addition, the plaintiff suffered minor personal injuries. Clearly, then, the jury's verdict of $100 is, under the evidence and the instructions of the court, inadequate: Colter v. Youngs, 8 Erie 17. A new trial will be granted where the finding of the jury is grossly inadequate and the compensation given for the damage entirely disproportionate to that proved to have been sustained: Gilmer et al. v. Gettys, 35 Dauph. 248. Where a verdict can be explained only on the ground that the jury did not heed the instructions given, it is not an abuse of discretion to grant a new trial: Jones v. Penna. R. R. Co., 289 Pa. 424.

And now, March 14, 1933, the plaintiff's motion for a new trial is granted.

From Francis B. Sellers, Carlisle, Pa.