WOLFE, P. J.,
— Defendant was charged on February 25, 1969, with violation of section 1004 of The Vehicle Code, to wit, failure, to drive on the right side of the road or highway. Defendant posted bond and waived a hearing and after testimony before the court, the matter is now ready for decision.
Trooper Kuhn, of the Pennsylvania State Police, followed defendant for approximately five or six miles in a generally northerly direction on U. S. Highway 62, a two-lane highway, and observed defendant cross the center line approximately 20 times before he brought defendant to a halt. Defendant’s speed over this measurement was from 48 to 58 miles per hour and the officer could not recall if there was any southbound traffic during this course of travel but presumed there must have been because it was 8 a.m., but acknowledged that no other vehicle, pedestrian or passengers riding with defendant were placed in any danger.
Defendant acknowledged he crossed the center line but did so because the edge or curb of the highway was covered with snow and he was fearful of dropping off the curb.
On rebuttal, the arresting officer denied the road was in any bad condition weatherwise, and it was by reason of defendant’s inattention to the manner in which he was operating his vehicle that caused him to stop defendant.
*530 All of the evidence indicates that defendant was, in fact, at different times, operating in the southbound lane or opposite lane of his travel.
The obvious intent of the legislature in requiring operators to drive upon the right half of the highway as closely as possible to the right-hand edge or curb was to permit oncoming traffic to pass with safety and traffic approaching from behind to pass with safety and prevent the operator from becoming confronted with a sudden emergency. However, as stated in Boose v. Walker, 86 Pa. Superior Ct. 218 (1925), there is no law which requires the movement of vehicles on direct lines. They are only required to be on the right of the road when the demands of safety and the presence of cars moving in the opposite direction so require. When vehicles pass going in opposite directions, they must necessarily diverge from a direct line and the custom of the road and the law of the Commonwealth require that the vehicles pass to the right, but the observed practice of drivers is to take the middle of the road when there is no adverse traffic.
In this court’s opinion, very few operators observe the letter of this act and generally, for a matter of safety, stay a reasonable distance from the edge of the road, especially during the winter months.
We do not think the legislature intended this act to apply to the current factual situation and, therefore, the court finds from all of the evidence the Commonwealth has failed to carry its burden of proof beyond a reasonable doubt and makes the following order:
ORDER
And now, to wit, March 26, 1971, defendant is not guilty as charged, is discharged from court, bond is released and costs placed upon the county. Exceptions noted to the Commonwealth.