# Bloom v. Bailey et al., Appellants.

*Negligence—Automobiles—Proximate cause—Car on wrong side of road—Speed—No presumption of negligence from accident.*

1. Where the proximate and immediate cause of a collision between two automobiles was the fact that one of the cars was on the wrong side of the road, it is immaterial what was the speed of the car.

2. From the mere happening of an accident, no presumption of negligence arises, and drivers of automobiles are not to be held liable where their only proven fault is inability to avoid a collision under circumstances which are unusual and not likely to be anticipated.

3. Where there is a clear view it is not negligence to drive in the centre of the highway or even on the opposite side, but in rounding a curve or approaching the summit of a hill, where the view is shortened, it is the driver's duty to keep on the right side; and, if he does not do so and a collision happens as the result of his being on the wrong side of the road, he is responsible for the consequences.

Argued January 23, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 10, Jan. T., 1928, by defendants, from judgment of C. P. Bradford Co., May T., 1926, No. 147, on verdict for plaintiff, in case of Mary Clark Bloom *v.* W. E. Bailey and J. A. Hyde. Reversed.

Negligence for death of plaintiff's husband. Before CULVER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,250. Defendants appealed.

*Error assigned,* inter alia, was in refusing defendants motion for judgment n. o. v., quoting record.

*Francis Chapman* and *Rodney A. Mercur,* with them *David J. Fanning,* for appellants.—Drivers are not held liable where their only fault is inability to avoid a collision under circumstances which are unusual and not likely to be anticipated: Ferrell v. Solski, 278 Pa. 565; Eastburn v. U. S. Express Co., 225 Pa. 33; Wingert v. Ry. Co., 262 Pa. 21; Post v. Richardson, 273 Pa. 56; Simpson v. Jones, 284 Pa. 596; Williams v. Edison Co., 267 Pa. 158; Stearns v. Spinning Co., 184 Pa. 519; Baran v. Iron Co., 202 Pa. 274; Douglass v. Mitchell, 35 Pa. 440.

*William P. Wilson,* with him *H. Kent Mitchell* and *J. Roy Lilley,* for appellee.

OPINION BY MR. JUSTICE WALLING, March 12, 1928:

This suit was the outgrowth of an automobile accident, in which plaintiff's husband, Earl M. Bloom, lost his life. The trial resulted in a verdict and judgment for plaintiff and defendants have appealed. Upon a careful study of the record we have reached the conclusion that the judgment cannot be sustained.

On the evening of December 10, 1925, Bloom was driving his Ford car east upon the then newly opened

Roosevelt Highway, as the defendants, employees of the State Highway Department, were going west in a Buick car. About six miles west of Troy the highway extends over Bailey's Hill, where its construction left a steep bank of red shale rock rising up on the south side and a sharp declivity dropping down on the north side. The concrete pavement was eighteen feet wide, with a level shoulder of earth four feet wide on the east side. Going west the highway curves to the left around this hill so that a long view of traffic moving thereon cannot be had. The cars in question collided as they met on this curve, a short distance east of the summit of the hill. Bloom's car was damaged and he was killed. The collision raised no presumption against the defendants (Flanigan v. McLean, 267 Pa. 553; Stearn v. Spinning Co., 184 Pa. 519), and the proofs were not sufficient to fasten liability upon them. Death prevented proof of Bloom's version of the occurrence, while the testimony of the three defendants was that they were driving on the right-hand side of the highway and saw the reflection from the light on the other car when it was probably eight hundred feet distant and when it came within some two hundred feet saw the headlights as it rounded the curve near the south bank, and then it suddenly turned north into their path, when they saw a flash of light and the crash came.

Defendant's car was going at least thirty to thirty-five miles an hour, exceeding the mile in two minutes then allowed by law. But speed is important only when it is the proximate cause of the accident: Flanigan v. McLean, supra; Eastburn v. United States Express Co., 225 Pa. 33. Here, if we credit the testimony of the defendants, the proximate and immediate cause of the accident was the presence of the Bloom car on the wrong side of the road and not the speed of either car. This evidence is not controverted by any witness, but it is urged for appellee that the accident really

happened on the south side of the road. If so, the verdict was right, but we find nothing to justify that conclusion.

It was not a head-on collision, for the injuries to the Ford show it was struck on the left side very near the front and thence extending back to the rear fender. The left front fender and left front wheel were crushed and the left end of the front axle was knocked loose and badly bent. These marks and those on the Buick clearly indicate a diagonal collision in which the left front wheels of the cars came in contact. This broke the steering gear on each car and the Buick landed head-on against the bank on the south side of the highway, about seventy-five feet to the west, while the Ford came to a stop facing west on the north side of the highway about the same distance to the east. The cars were taken to Troy that evening by a wrecking machine, and the next morning a slight red mark was seen on the right fender of the Ford and there was a small mark on the bank south of the highway, near the place of accident. This, together with the finding of two bolts, apparently from the Ford, and a metal cap from a car wheel near the foot of this bank, the trial judge concludes, as set out in the opinion refusing defendants' motion for judgment n. o. v., that the Buick turned its course and crashed into the side of the Ford, while the latter was at or practically at the bank. This conclusion overlooks the fact that had the accident so happened it would have crushed both sides of the Ford, that which came in contact with the bank no less than that which collided with the other car. Such a collision would inevitably give the Ford a lateral movement, or crush it if against an obstruction; yet its south or right side was entirely uninjured. Furthermore, as the defendants were not "joy riders," but hastening home at the close of the day's work, with their head lights burning and perfectly familiar with the highway, it is highly improbable that they would turn their car to the south. If so, had they missed the Ford, they would have hit the

bank. It is also improbable that they would hug the
south bank, especially after seeing the reflected light
of the approaching car.

Had both cars been moving parellel with and near to
the bank, the collision would have been head-on, which
it was not. Either the Buick turned and ran into the
Ford or the Ford was turning southerly at the moment
of contact. In support of the latter conclusion is the
circumstance that the next morning there were found
two parallel black marks coming down the hill for some
twenty feet to the point of accident, on the north part
of the concrete, as if made by the sliding wheels of an
automobile and bearing to the south. Apparently these
were made by a car going east on the wrong side of the
road, as the brake would not likely be set going up
this seven per cent grade. A mark or scratch some two
feet long at right angles with the pavement, and north
of its center line, was seen the next day near the same
place. All of the broken glass, of which there was con-
siderable, was found on the north half of the pavement.
The Buick had been driven that day over muddy roads
by which mud or clay had collected and probably frozen
on the wheels. Quantities of this apparently shaken
off by the collision, were found north of the center line
of the pavement. These circumstances, strongly cor-
roborating the testimony of the defendants, leave the
verdict without any substantial support. A verdict can-
not be founded on a mere guess. The collision naturally
drove the Ford to the south where it may have touched
the bank and dropped the loosened bolts and cap. No
one knows what course it took after the collision; as
suggested, it may have turned over and righted again.
At all events it was found some seventy-five feet down
the road headed west, as above stated. Not unlikely
the Ford car was driven or turned to the south bank
by the collision and then, because of the broken left
front wheel, turned around to the north as it moved

east. It had a top over the seat which was broken down, just how does not appear.

It was urged that defendant Hyde, who was driving the Buick, made some statements soon after the accident tending to show he was at fault. The most important of which was that he might have been driving too close to the bank, as there was no guard rail on the lower side. Had that been the actual fact, either the collision would have been head-on, as above stated, or the Ford must have been headed toward the bank into which the force of the collision would have driven it, which it did not, as its front was uninjured and head lights were burning when found.

In view of the facts as above indicated, it is difficult to understand how Hyde could have avoided the accident. The Ford appeared in his path so suddenly he had no time to act. As stated by Mr. Justice SADLER, speaking for the court, in Ferrell v. Solski, 278 Pa. 565, 568: "From the mere happening of the accident, no presumption of negligence arises, and drivers are not to be held liable where their only proven fault is inability to avoid a collision, under circumstances which are unusual and not likely to be anticipated. 'Negligence cannot be imputed because of the failure to perform a duty so suddenly and unexpectedly arising that there is no opportunity to apprehend the situation and to act according to the exigency': Eastburn v. United States Express Co., 225 Pa. 33; Post v. Richardson, 273 Pa. 56; Wingert v. P. & R. Ry. Co., 262 Pa. 21." Undoubtedly negligence may be shown by circumstances, but here it is not, and the verdict is not founded on any proven facts or proper inferences. Bloom was an experienced and competent chauffeur; just how he came on the wrong side of the road, as he apparently was, may never be known.

Where there is a clear view it is not negligence to drive in the center of the highway, or even on the opposite side; but in rounding a curve or approaching

the summit of a hill, where the view is shortened, it is the driver's duty to keep on the right side. See Post v. Richardson, supra; also opinion of Judge HENDERSON, in Boose v. Walker, 86 Pa. Superior Ct. 218. The theory that the accident may have happened in the center of the highway, is not supported by any direct or circumstantial evidence. The verdict was in favor of the third defendant, George P. Searight, so he is not named in the appeal.

The judgment is reversed and is here entered for the defendants non obstante veredicto.