Wilson Freight Forwarding Co., Inc., Appellant,
*v.* Seal.

Argued January 8, 1951. Before Drew, C. J., Stern, Stearne, Jones, Bell, Ladner and Chidsey, JJ.

20

*Ralph C. Body* and *Edward Youngerman,* with them *Body, Muth, Rhoda & Stoudt, Max Yaffe* and *Yaffe & Blumberg,* for appellants.

*George R. Eves,* with him *Harry R. Matten,* for appellees.

OPINION BY MR. JUSTICE CHIDSEY, March 28, 1951:

Wilson Freight Forwarding Co., Inc. has taken two appeals. Appeal No. 65, January Term, 1951, in which Louis Malackov is also an appellant, is from the refusal of the court below to grant motions for judgment *non obstante veredicto.* Appeal No. 64, January Term, 1951, is from the refusal of the court below to grant Wilson's motion for a new trial and entry of judgment against it.

Appeal No. 65 concerns an action in trespass instituted by George K. Seal, Joseph S. Seal and Richard F. Wert against Wilson Freight Forwarding Co., Inc., Eastern Motor Dispatch, Inc., Louis Malackov and Doral L. Bierly, Jr., to recover damages arising out of a collision between the Chevrolet tractor and trailer owned by the Seals and operated by Wert, and the Wilson's tractor with a leased trailer attached, being operated by Louis Malackov. Appeal No. 64 concerns an action in trespass arising out of the same occurrence, instituted by Wilson Freight Forwarding Co., Inc., against George K. Seal and Joseph S. Seal, individually and trading as George K. Seal & Son. Louis Malackov, operator of the Wilson tractor, and Andrew

Malackov, owner of the trailer, and Eastern Motor Dispatch, Inc., were made additional defendants. The cases were consolidated for trial. Andrew Malackov was removed from the case by stipulation and the trial court directed a verdict in favor of Eastern Motor Dispatch, Inc.

In the former case, verdicts were rendered and judgments entered thereon against Wilson and Louis Malackov in favor of George K. Seal and Joseph S. Seal in amount of $1,164.14, and in favor of Wert in amount of $12,754.05. In the latter case, a verdict was rendered in favor of the original defendants and against Wilson. Motions for judgment *non obstante veredicto* and for a new trial were filed in the respective cases, and, as stated, these appeals are from the refusal of the court below to grant these motions and the entry of the respective judgments.

The tractor-trailer of Eastern Motor Dispatch, Inc., on February 11, 1949, about 2:55 p.m., was disabled and parked on the north side of U. S. Route 22, west of the village of Lenhartsville, Berks County. Route 22, at this point, is a two-lane highway of macadam construction. The improved portion is 20 feet wide. Due to a previous snowfall, the berm was reduced to about 2½ feet on either side. The day was clear and visibility good. The traveled portion of the highway was comparatively dry, with spots of ice and packed snow. Cinders had been spread upon the highway to prevent skidding and to provide traction. The Eastern vehicle was facing in a westerly direction with the right wheels on the berm and the remainder of the vehicle blocking about half of the west-bound traffic lane. Flares and flags had been placed to the rear and in the front of the vehicle. At the same time, Richard F. Wert was driving and operating a tractor-trailer unit, owned by his employers, George K. Seal and

Joseph S. Seal, in a westerly direction on U. S. Route 22, and Louis Malackov, driver and operator of the Wilson Freight Forwarding Co., Inc's tractor-trailer was proceeding in an easterly direction on said route. The Eastern tractor-trailer was parked about half-way up a steep hill which ascends from east to west on a straight stretch of road not visible from the eastern and western approaches thereto by reason of sharp curves at each approach. Proceeding westwardly, the curve is to the left, and proceeding eastwardly the curve is to the right. The straight stretch of road on the hill between the curves is approximately 1,150 feet. The Eastern truck was disabled approximately 570 feet east of the crest of the hill and approximately the same distance from the bottom on the west.

Wert testified that he saw the flares and flags and knew that the Eastern truck was disabled; that the trailer which he was carrying was loaded with approximately twelve tons of steel; that he proceeded up the hill and swung out to pass the Eastern vehicle; that he saw "something" coming and could recall nothing more; and that what he saw might have been 100 or 500 feet away.

Louis Malackov, the driver of the Wilson vehicle, testified that as he reached the top of the hill he was traveling 30 miles per hour; that he saw the red flag and flares, blinked his lights to warn anyone behind him of possible danger, and slowed down, shifting gears and applying brakes; that the red flag was at the beginning of the curve; that when he saw the Eastern tractor-trailer he pulled to his right side of the road as far as he could and proceeded down the hill, constantly decreasing his speed; that he observed the Seal truck for the first time as he was passing the disabled Eastern truck; that, at that time, the Seal vehicle was 500 feet away and proceeding up the hill

on its right-hand side of the highway; that thereafter the Seal truck swung over to Malackov's side of the highway and as the tractors were about to pass, Wert jumped out of the cab and he, Malackov, pulled to the right and into the bank, stopping his truck within 2 feet; that at the time he passed the Eastern truck his speed was about 7 to 10 miles per hour; and that after he saw the Seal vehicle he traveled about 175 feet. As a result of the collision, the Seal trailer was damaged extensively and Wert sustained serious injuries. The Wilson tractor and trailer was also damaged as was its cargo of whiskey.

Appellants contend that, as regards the action against them, (Appeal No. 65) Wert's testimony convicts him of contributory negligence as a matter of law, and that, as regards the action in which Wilson was plaintiff (Appeal No. 64), the verdict is against the law, the evidence and the weight of the evidence, and a new trial should be granted.

The contention that Wert was guilty of contributory negligence as a matter of law includes an asserted violation of Section 24(a) of The Vehicle Code, Act of 1939, P. L. 1135, Section 24(a), 75 PS §543. This section provides that the driver of a vehicle shall not drive to the left side of the center line of the highway in overtaking or passing another vehicle proceeding in the same direction unless there is full view and no oncoming traffic for a sufficient distance ahead to permit the same to be done with safety. There is no present occasion to determine whether Section 24(a) of The Vehicle Code, supra, relates only to moving and not to standing vehicles, for the duty hereinafter referred to exists irrespective of any legislative pronouncement to that effect.

The following testimony of Wert is claimed to be determinative of the case. On direct examination, Wert

testified: "Q. Did you see anything coming in the opposite direction as you started to pass this disabled unit? A. I can say very faintly I saw something coming,—what I don't know. Q. *This was at the time you started to make your pass?* A. Yes, sir. . . . Q. *When you swung left to pass it* [the Eastern truck] do you say you saw another one coming in the opposite direction from which you were going? A. Very faintly I recall it." On cross-examination, Wert testified: "Q. Did you have to see the pictures to remind you of a vehicle coming in another direction? A. No, I wouldn't say that I had to see pictures to know that. Q. All you remember is something was coming toward you? A. Yes. Q. And that something was some distance away that you don't know? A. Yes. Q. It could have been 100 feet or 500 feet? A. Yes. Q. The same is true of the Eastern Motor Dispatch truck, it could have been 100 or 500 feet when you started to pass? A. It could have been, yes."

The collision admittedly occurred to the rear or east of the disabled Eastern truck. The evidence persuasively pointed to its having occurred about 100 feet to the east because there Wilson's cargo of whiskey was spilled upon the highway and Wert was found just in front of the rear wheels of the Wilson tractor, with no evidence of his having been dragged. Furthermore, there were no marks on the road indicating that the Seal truck had been pushed backward. However, five or six pieces of broken whiskey bottles were found in the vicinity of the flare, about 30 or 35 feet east of the Eastern truck, and the plaintiffs may be entitled to the inference that the collision occurred at that point. It makes little difference. Plummer, a State Policeman called by the plaintiffs, who arrived upon the scene fifteen minutes after the accident, testified that the right wheels of the disabled Eastern vehicle were

on the north berm 2 feet from the edge of the improved portion of the highway. Thus the vehicle blocked approximately one-half of the west-bound lane. He also testified that tire marks made by the right-hand wheels of the Wilson truck, visible because of the snow on the berm, began at a point 330 feet west of the scene of the accident, well to the west of the disabled truck, and were uniformly from 2 to 2½ feet from the south edge of the highway. The Wilson truck was 7 feet wide and, therefore, during its approach to the point of collision, occupied the south half only of the east-bound lane. This left a clearance of approximately 10 feet between the disabled truck and the Wilson truck as it passed, and it is evident that Wert without moving from his lane had an unobstructed view toward the west past the disabled truck of 600 feet, being the distance, according to Plummer's testimony, from the flare east of the truck to the top of the hill. At least he could have moved his vehicle but slightly over the middle line of the road to obtain such view, with ample opportunity to return to his side of the road in safety. Instead he turned so far into the east-bound lane as to run directly into the descending Wilson truck. The damage done to the vehicles as shown by the photographs taken immediately after the collision, indicates that his vehicle was pointed in a diagonal direction when the collision occurred. This accords with his testimony that the last that he remembers was seeing "something" coming as he "swung out to overtake the broken-down vehicle". The only reasonable conclusion that can be drawn is that the collision occurred almost immediately after Wert turned into the east-bound lane and in so far as Wert's contributory negligence is concerned, the speed of the Wilson truck is immaterial.

One who is operating a vehicle upon the highways is under a duty to be continuously alert, to perceive any warning of danger that is reasonably likely to exist, and to have one's vehicle under such control that injury to persons or to property can be averted. See *Kindt v. Reading Company,* 352 Pa. 419, 43 A. 2d 145. The operator of a vehicle which is overtaking or passing another vehicle, without regard to whether the vehicle to be passed is moving or parked, is under a clear duty, before committing himself to pass, to observe whether there is any oncoming traffic which in the circumstances might constitute a possible danger. He must maintain such control of his own vehicle that after having observed an approaching vehicle within the orbit of possible danger he will be able to return to his side of the road. See *Sutton Press v. Keystone Pipe & Supply Co.,* 86 Pa. Superior Ct. 249.

Wert was operating a tractor-trailer loaded with twelve tons of steel, and proceeding up an admittedly steep hill. His traffic lane was partly blocked by the Eastern vehicle. He saw the flags and flares and was aware that the vehicle in his path was disabled. When he turned to his left to pass, he saw "something" approaching in the lane of traffic into which he of necessity was required to commit his vehicle if he were to pass the Eastern truck. He must also be deemed to have had a full realization of the danger of collision with approaching vehicles if he were to suddenly turn into the left lane of traffic. The conclusion is inescapable that Wert, having seen the Wilson truck coming toward him, proceeded ahead and committed himself to pass, and thereby tested what to him must have been an obvious danger, or that he swung suddenly to his left and directly into the path of the Wilson truck. In the former event, contributory negligence is clear; in the latter event, his failure to make an ante-

cedent appraisal of the situation and his sudden turn without regard to the potential danger equally convicts him of contributory negligence.

Contributory negligence will be declared as a matter of law only where it is so clear that reasonable minds cannot differ as to its existence. However, where it appears, it is the duty of the court to so declare it. Exercise of this duty cannot be foreclosed by consideration of the unfortunate circumstance of the plaintiff. It cannot be tempered by pity for the unfortunate participant. The evidence has been viewed most favorably to the plaintiffs but we are nevertheless compelled to conclude that they did not establish a case free from contributory negligence. Appellees suggest that the testimony of Wert must be considered as the testimony of one who has suffered a loss of memory. Unfortunately, loss of memory of a vital witness cannot supply for the record necessary testimony, nor can it explain away the legal effect of the testimony adduced. Much of appellees' argument with regard to this appeal is directed toward a showing of negligent operation by Malackov. Even if it be assumed for the purpose of this appeal that Malackov was negligent in the operation of the Wilson truck, such finding could not mitigate the effect of the obvious contributory negligence of Wert in the operation of the Seal truck. The learned court below was in error in refusing to grant appellants' motion for judgment *non obstante veredicto*.

With regard to Appeal No. 64, wherein Wilson as plaintiff sought to recover for the damage done to its truck and cargo, the question arises whether the evidence established contributory negligence on the part of its driver, Malackov. If the latter's account of the happening is to be believed, he is completely absolved therefrom. However, the jury had the right to reject his

testimony either in whole or in part. After reviewing all of the evidence adduced by both parties and considering the facts and reasonable inferences deducible therefrom most favorably to the defendants, as we are obliged to do in view of the verdict in their favor, we have concluded that nothing done or left undone by Malackov was a causative factor in the happening but that Wert's negligence was the sole proximate cause of the accident.

Paul E. Bartley, a disinterested witness, called by the plaintiff, testified that when the Wilson truck reached the top of the hill where a warning flag and flares were visible, Malackov blinked his lights, an indication to anyone following of potential danger, and drove to the extreme right of the road as one would in passing a vehicle that was evidently in difficulty. Bartley testified that he judged the speed of the Wilson truck as it approached the crest of the hill to be "35, 40 miles an hour"; that he couldn't tell whether it slowed down; that he was sure it didn't go any faster and it "could have gone slower". He said his vision was obscured by a cloud of snow raised by the Wilson truck when its right wheels went on the berm. Assuming that it was Malackov's duty under the circumstances to have reduced the speed of his truck (he testified that he did reduce it to about 10 miles an hour), Bartley's testimony as to Malackov's speed as he approached the top of the hill 600 feet from the scene of the accident, of itself does not establish his speed as he descended the hill. Want of due care will not be presumed. The burden of proving negligence as a causative factor is upon him who asserts it.

However, assuming that Malackov's speed continued at the rate of 35 or 40 miles per hour, it does not avail the defendants, Plummer, the State Policeman

called on behalf of the Seals and Wert, who testified that there were tire marks made by the Wilson truck on the berm of the road extending a distance of 330 feet west from the point where the Wilson truck stopped, also stated that the rear of the Wilson truck after the accident was 105 feet east of the rear end of the Eastern truck. Malackov, therefore, had driven the right wheels of his truck onto the berm at least 200 feet west of the rear end of the Eastern truck. It follows that he was on the berm of his right side of the road for at least 200 feet prior to his passing to the rear of the Eastern truck, leaving 5 feet of the east-bound lane open, and admittedly there was sufficient space for Wert to have driven his vehicle safely between the Wilson and Eastern trucks. We do not intend to hold that in cases of this nature a judicial declaration of negligence or freedom from negligence can be based wholly upon precise mathematical calculations. However, it is clear that here the accident happened as Wert turned onto the east-bound lane and that he proceeded beyond the point at which he could have performed his duty of making an observation for vehicles approaching from the opposite direction before attempting to pass the disabled Eastern truck.

Viewing the evidence most strongly against plaintiff, it is nevertheless clear that it established a case free from contributory negligence and that there was no testimony adduced by defendants which would warrant a finding by the jury that the speed of the Wilson vehicle was a contributing factor in the unfortunate accident. It is immaterial that Malackov may have driven his truck onto the berm as far as safety would permit because he saw the oncoming Seal truck. Speed of the Wilson truck was neither the proximate nor a contributing cause of the accident: see *Collichio v. Williams,* 311 Pa. 553, 166 A. 857; *Bloom v. Bailey,*

292 Pa. 348, 141 A. 150; *Flanigan v. McLean*, 267 Pa. 553, 110 A. 370; *Stubbs v. Edwards*, 260 Pa. 75, 103 A. 511.

Judgment in Appeal No. 64 is reversed with direction that a new trial be granted; judgment in Appeal No. 65 is reversed and here entered for appellants.