CLYDE BAUMANN, Appellant

v.

ERIC CANTON

Civil No. 186-1968

District Court of the Virgin Islands

Div. of St. Croix

September 27, 1968

JAMES, HODGE & TONKIN (RONALD H. TONKIN), *for plaintiff*

GEORGE N. FOSTER, *for defendant*

MARIS, *Circuit Judge*

## OPINION

The plaintiff, Clyde Baumann, appeals from a judgment entered in the Municipal Court of the Virgin Islands, Division of St. Croix, dismissing his complaint in an action to recover damages to plaintiff's automobile and awarding damages to the defendant on the latter's counterclaim for damages to his automobile. The evidence offered by the plaintiff at the trial tended to establish the following facts:

The plaintiff's son, Elwyn Everett Baumann, was granted permission to drive the plaintiff's automobile on December 31, 1966. That evening, about 8:15 P.M., the plaintiff's son drove the vehicle on a private driveway to its exit on the northern side of the main street which runs from West Street to the Bassin Triangle in the Western Suburb of Christiansted. As is well known, traffic in the Virgin Islands moves on the left hand side of the road. Upon reaching the exit, the plaintiff's son stopped the vehicle and looked in both directions. He wanted to make a right hand turn to drive west—out of Christiansted. Therefore, he had to cross the lane on his side of the street, where traffic was moving into Christiansted in an easterly direction, and turn right onto the south side of the street. Some automobiles were parked along the north side of the highway. No traffic was traveling west on the south side of the highway. Three vehicles were traveling east on the north side of the highway, approaching on his right. The three vehicles stopped. Emanuel Turner, the driver of the first vehicle, testified that when he passed the Moravian Church, which is located on the south side of the highway,

seeing the plaintiff's automobile in the driveway he stopped and waved his hand to give the plaintiff's son a signal to come out of the driveway. The driver of the second car, Randolph Julien, also stopped when he saw Turner stop his automobile and wave. The plaintiff's son drove slowly out of the driveway, moved in front of the stopped vehicles, and started to turn right onto the south lane heading west. When the front of the plaintiff's automobile was in the center of the street, about four feet beyond the first vehicle, its right side was struck by the defendant's automobile. Neither the plaintiff's son nor the witnesses saw the defendant's vehicle prior to the time of the collision. The defendant had passed to the right of the vehicles which had stopped and collided with the plaintiff's automobile on the south portion of the highway. The highway curves from the traffic light which is located at the Bassin Triangle to the driveway of the Moravian Church. The driveway from which the plaintiff's automobile was driven was located across the highway from the Moravian Church.

At the conclusion of the plaintiff's case the defendant did not offer any evidence to dispute the facts above recited and the trial judge proceeded to render his findings of fact and conclusions of law orally. He found that the plaintiff had failed to yield the right of way in emerging upon a main highway from a private driveway and that the defendant had the right of way to travel on the main highway at the rate of 20 miles per hour; that the defendant was under no duty to anticipate that the driver of the plaintiff's automobile would fail to yield the right of way, and that the courtesy extended by the drivers who had stopped did not affect the defendant's right of way. The trial judge concluded that the complaint of the plaintiff must be dismissed and that the defendant was entitled to judgment on his counterclaim in the amount of $565.00, representing the damage to his automobile and loss of its

use, together with costs and an attorney's fee of $100.00. Judgment was entered accordingly and this appeal by the plaintiff followed.

The plaintiff contends that the uncontroverted evidence conclusively established that the defendant, as a matter of law, was guilty of negligence and hence that the trial judge erred in granting judgment in favor of the defendant on his counterclaim. For the reasons which will be stated, I am constrained to agree with this contention.

The Virgin Islands statute fixes the standard of conduct for vehicles passing other vehicles on the highway and for vehicles emerging from private driveways, as follows:

"§ 495. Meeting; passing; turning; signals

"(a) Vehicles meeting one another shall keep as far to the left as practicable. When a vehicle overtakes another, it shall pass it on the right side. It shall be unlawful to overtake and pass another motor vehicle on a curve, at the intersection of another road or when approaching the top of a hill. No motor vehicle shall overtake and pass another one unless the road ahead is clear of other vehicles, pedestrians or any other traffic, for a reasonable distance of approximately 200 feet.

"(b) Before entering or crossing main roads beyond the town limits, every driver shall bring his motor vehicle to a full stop, change to low gear, sound the warning device, and then proceed with due caution. Traffic on main streets or main roads shall have the right of way. When approaching any cross road or curve, every driver shall exercise due caution, sound the warning device, and reduce the speed of the motor vehicle.

. . .

"(e) In St. Croix, the streets running east and west in Christiansted . . . are the main streets . . . for the purpose of this section." 20 V.I.C. § 495.

"§ 506. Emerging from alley, driveway or building

"The driver of a vehicle emerging from an alley, driveway, or building shall stop such vehicle immediately prior to driving onto a sidewalk area extending across any alleyway or driveway, and shall yield the right of way to any pedestrian as may be necessary to avoid collision, and upon entering the public street or highway

66

shall yield the right of way to all vehicles approaching on public street or highway." 20 V.I.C. § 506.

■ Generally, in an action for the recovery of damages for the injuries resulting from the alleged negligence of the defendant, the plaintiff must show that there has been a failure on the part of the defendant to exercise proper care in the performance of some legal duty which the defendant owed the plaintiff under the circumstances in which they were placed and that such negligent breach of duty was the proximate cause of the injury. It is a well established rule that a motorist must operate his vehicle always with due regard for the safety of all others on the highway. He is charged with the duty of keeping his automobile under such control that he can stop within the distance on the road ahead which he can clearly see.[1] The law exacts of him constant care and attention and imposes upon him certain positive duties. Virgin Islands Motor Vehicle Law, 20 V.I.C. § 301 et seq. Thus, while the Virgin Islands statute permits a maximum speed of 20 miles per hour within town limits, 20 V.I.C. § 494(b), it requires that "No person shall drive a motor vehicle on a public street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on the public street or highway." 20 V.I.C. § 494(a).

■ These statutory provisions are not innovations in the law. It has long been the rule that on rounding a curve or approaching the summit of a hill, where the view of the road ahead is shortened, it is the motorist's duty

---

[1] Janeway v. Lafferty Bros., 1936, 323 Pa. 324, 185 A. 827, 828–829; Schu v. City of Pittsburgh, 1941, 341 Pa. 324, 19 A.2d 409; Garner v. Pittman, 1953, 237 N.C. 328, 75 S.E.2d 111; Huey v. Stephens, 1954, Okl., 275 P.2d 254; 1 Blashfield, Cyclopedia of Automobile Law and Practice, § 631 et seq.; 7 Am. Jur. 2d Automobiles and Highway Traffic § 187, 8 Ibid. § 720.

not to pass but to proceed in his proper lane of traffic.[2] And it has been held that the statutory requirement that one traveling on a public highway has the right of way over one entering the highway from a private road is but a re-affirmation of the rule of the road.[3] However, notwithstanding the possession of the right of way by the operator of a vehicle on a public road over a person entering it from a private roadway, the former must exercise his right of way in a reasonable manner. In other words, it is the duty of both parties continuously to use such care as may be required by the situation to avoid a collision. The statutory right of way is not an absolute one—the driver holding it is not relieved of his duty of using reasonable care.[4] The court in Ghirardello v. Malina, 1965, 238 Md. 498, 209 A.2d 564, 569–570, aptly stated this principle, as follows:

". . . And, although a privileged driver is entitled to assume that his right of way will be honored by an unprivileged operator, he cannot continue to rely upon the assumption after he discovers, or by the exercise of reasonable care should have discovered, that the unfavored driver does not intend to yield the right of way, and, if after such discovery or failure to exercise reasonable care to make the discovery, the privileged driver continues to pursue his course without exercising reasonable care for the safety of others, he may be held liable notwithstanding his right of way. Thus it can be seen that the decisions recognize the statutory rule, but they do not interpret it as an inflexible or absolute one, and, due to the variety of circumstances that has developed, in actual practice, many times the final determination of the questions of primary and contribu-

---

[2] Hopper, McGaw & Co. v. Kelly, 1924, 145 Md. 161, 125 A. 779; Bloom v. Bailey, 1928, 292 Pa. 348, 141 A. 150, 152, 57 A.L.R. 585, and annotation thereto, 57 A.L.R. 589; 2 Blashfield, Cyclopedia of Automobile Law and Practice, chapter 25, §§ 937, 948; 7 Am. Jur. 2d Automobiles and Highway Traffic § 223, 8 Ibid. § 783.

[3] Curtis v. Lawley, 1959, Colo., 346 P.2d 579, 581; Staatz v. Tucker, 1937, 191 Wash. 404, 71 P.2d 401.

[4] Wlodkowski v. Yerkaites, 1948, 190 Md. 128, 57 A.2d 792, 794; Wootten v. Kiger, 1967, Del., 226 A.2d 238, 240; Cormier v. Stevens, 1966, 107 N.H. 66, 217 A.2d 186, 189; D.C. Transit System, Inc. v. The Warner Corp., D.C.C.A. 1966, 219 A.2d 566; 1 Blashfield, Cyclopedia of Automobile Law and Practice, § 649; 2 Ibid. chapter 32, § 1161 et seq.

tory negligence has had to be resolved by an application of the well-known test—what would an ordinarily careful and prudent person have done under like circumstances?"

Accordingly, if the privileged driver continues on his course without the exercise of reasonable care for the safety of others he may be liable notwithstanding his right of way.

 In the present case the undisputed evidence was that two or three automobiles were stopped in the east bound lane on a curve and that the defendant, coming from the rear of these vehicles, passed them on the curve, colliding with the front end of the plaintiff's automobile. It is clear under these facts that when the collision occurred the defendant was operating his vehicle in violation of the statute which prohibited the overtaking and passing of another vehicle on a curve. 20 V.I.C. § 495(a). But the mere fact that an automobile which is involved in an accident is being operated in violation of a regulation does not render the driver of the vehicle guilty of negligence as a matter of law if there are any facts which will excuse his conduct. The Restatement of Torts 2d, § 288A,[5] provides:

"§ 288A. Excused Violations

"(1) An excused violation of a legislative enactment or an administrative regulation is not negligence.

(2) Unless the enactment or regulation is construed not to permit such excuse, its violation is excused when

(a) the violation is reasonable because of the actor's incapacity;

(b) he neither knows nor should know of the occasion for compliance;

(c) he is unable after reasonable diligence or care to comply;

(d) he is confronted by an emergency not due to his own conduct;

---

[5] In the absence of local law to the contrary, the rule expressed in the Restatement controls. 1 V.I.C. § 4.
 See, also, Gist v. Allentown Wholesale Distributors, Inc., 1960, 398 Pa. 428, 158 A.2d 777, 779.

(e) compliance would involve a greater risk of harm to the actor or to others."

Nonetheless, under the Virgin Islands law the violation of a statute regulating the use and operation of motor vehicles upon the highways is prima facie evidence of negligence which may be taken into consideration with all the other facts and circumstances in determining whether or not negligence is established.[6] In such circumstances, the burden is on the defendant to justify his action by proving facts which will excuse his negligent conduct.

 As I have said, the undisputed facts in this case show that the defendant violated the statute when he passed the other automobiles on a curve and also establish that he was on the wrong side of the street when the accident occurred. He did not attempt to explain or to excuse these violations of the law. The rules of the road applicable to normal traffic are not abrogated by reason of congested traffic in the absence of proof of the presence of police officers directing the traffic.[7] On the contrary, when there is congestion or stopped vehicles, as there were in this case, the law requires the driver to have regard to the actual and potential hazards then existing. 20 V.I.C. § 494(a). A man acting prudently could have foreseen that a result such as occurred in this case was probable under the circumstances as they existed. The very purpose of the Virgin Islands "no-passing on a curve" law is to avoid an accident where the passing motorist cannot possibly have a clear view ahead for the required 200 feet. Here, the plaintiff established that the defendant failed to exercise proper care in the performance of his legal duty under the circumstances. Such negligence, an unexplained, unexcused breach of duty, was clearly a proximate cause of the accident. Proximate

---

[6] Railway Express Agency v. Little, 3 Cir. 1931, 50 F.2d 59, 62, 75, A.L.R. 963. Cf. Wheaton v. Stuck, 1949, 34 Wash.2d 725, 209 P.2d 377, 379.

[7] Warwick v. Blackney, 1935, 272 Mich. 231, 261 N.W. 310, 312.

70

cause may be determined as a matter of law when, as here, there is no room for a difference of opinion in the light of the undisputed evidence.[8]

Accordingly, I conclude that the defendant was negligent as a matter of law and that it was error to grant judgment in his favor on his counterclaim.

 The plaintiff argues that if the defendant's conduct be held to be negligent as a matter of law, the judgment dismissing the plaintiff's complaint should be reversed with directions to enter judgment thereon for the plaintiff for the amount of his damages. However, although the violation of a safety law by the defendant presents a prima facie case of negligence on his part, the plaintiff must establish, in addition to such violation, that his own conduct was not a contributing cause co-operating with the negligence of the defendant in bringing about the plaintiff's harm.[9] The Restatement of Torts 2d, § 469, provides:

"§ 469. Violation of Legislation or Regulation

(1) The plaintiff's unexcused violation of a legislative enactment or an administrative regulation which defines a standard of conduct for his own protection is contributory negligence in itself if it is a legally contributing cause of his harm.

(2) The rules which determine whether such an enactment or regulation defines a standard of conduct for the protection of the plaintiff, and when the violation will be excused, are the same as those applicable to the defendant."

The trial judge found from the evidence that the plaintiff had violated section 506 of title 20, V.I.C., which provides that the driver of a vehicle emerging from a driveway shall yield the right of way to all vehicles approaching on a public street or highway. The plaintiff contends that under the holding of the Supreme Court in State v. Arena, 1963,

---

[8] Haynes v. Buckley, 1958, Cal., 331 P.2d 693, 696; United States v. Marshall, 9 Cir. 1956, 230 F.2d 183, 187.

[9] Restatement, Torts 2d § 463 et seq.; 4 Blashfield, Cyclopedia of Automobile Law and Practice, chapter 74, § 2761 et seq.

46 Hawaii 315, 379 P.2d 594, the plaintiff was not required to yield the right of way to the defendant since it could not be said that the defendant was "lawfully" approaching. That case is not applicable here for that was a criminal case in which contributory negligence was not available as a defense, whereas here, the existence of contributory negligence is a complete bar to recovery.

 Section 506 of title 20, V.I.C., quoted above, prescribes the standard of conduct imposed upon the driver of a motor vehicle emerging from a private driveway into a public highway. The trial judge found as a fact that the plaintiff's son failed to obey the statutory requirement that he yield the right of way to the defendant. I cannot say that the judge erred in so finding. The signal to go ahead which he received from the driver of the first vehicle which had stopped on the street did not relieve him of the duty of care imposed upon him by the statute. Hopper, McGaw & Co. v. Kelly, 1924, 145 Md. 161, 125 A. 779, 782. I agree with the trial judge's conclusion that the driver of the plaintiff's vehicle was guilty of negligence which was a contributing cause of the collision. Since the plaintiff's claim was barred by the contributory negligence of his driver, the complaint was rightly dismissed.

The judgment of the Municipal Court will be vacated and the cause remanded with directions to enter a judgment dismissing both the complaint and the counterclaim.