**TERENCIA MADURO, Appellant**

**v.**

**LUDRICK DONAVAN, Appellee**

Dist. Civ. App. No. 1992-0013

Terr. Ct. S.C. # 91-588

District Court of the Virgin Islands

Div. of St. Croix

November 22, 1993

TERENCIA MADURO, Pro Se, Sunny Isle, St. Croix, U.S.V.I., *Appellant*

LUDRICK DONAVAN, Pro Se, Frederiksted, St. Croix, U.S.V.I., *Appellee*

THOMAS K. MOORE, *Chief Judge, District Court of the Virgin Islands;* BARBARA K. HACKETT, *Judge of the United States District Court for the Eastern District of Michigan, Sitting by Designation; and* ISHMAEL MEYERS, *Judge of the Territorial Court of the Virgin Islands, Division of St. Thomas/St. John, Sitting by Designation.*

## JUDGMENT OF THE COURT

A traffic accident at an intersection in Frederiksted gave rise to the Small Claims action from which this appeal is taken. The court

found for appellee Ludrick Donavan in the amount of $1,855.00. The court also found appellee to be contributorily negligent and allocated his fault at 20%. The judgment was therefore reduced by 20% to $1,484.00.

Appellant Terencia Maduro appeals that the judgment was against the weight of the evidence and that the court erred in its allocation of the percentage for contributory negligence. Appellant phrases the issues on appeal as follows:

1. Whether the judgment is supported by the evidence?

2. Whether the court erred in its allocation of the percentage of damages?

We have appellate jurisdiction pursuant to 48 U.S.C. § 1611(a), reprinted at V.I. CODE ANN. tit. 4, § 33.

## I. Standard of Review

The trial court's decision concerning the application of a legal precept is subject to plenary review. See Moody v. Sec. Pac. Business Credit, Inc., 971 F.2d 1056 (3d Cir. 1992); Manor Care, Inc., v. Yaskin, 950 F.2d 122, 124 (3d Cir. 1991). The trial court's findings of fact are reviewed under a clearly erroneous standard. Sheet Metal Worker Int'l Ass'n Local 19 v. 2300 Group, Inc., 949 F.2d 1274, 1278 (3d Cir. 1991). Courts of Appeals will "not disturb factual findings 'if the [trial] court's account of the evidence is plausible in light of the record reviewed in its entirety' ". Hassine v. Jeffes, 846 F.2d 169, 174 (3d Cir. 1988) (quoting Anderson v. City of Bessemer City, 470 U.S. 546, 574 (1985); See also Cox v. Keystone Carbon Co., 894 F.2d 647, 650 (3d Cir.), cert. denied 111 S.Ct. 47 (1990).

## II. Facts and Procedural History

On May 24, 1991, the parties' cars collided at an intersection in Frederiksted, where appellant, travelling westward on Queen Cross Street, had stopped at a stop sign. Appellee, traveling southward on a through street, had the right-of-way when he hit appellant's stopped vehicle. Both parties agreed that the appellant had stopped, but was protruding into the intersection. The investigating officer testified that appellant had stopped within the intersection, some six and a half feet from the shoulder edge. According to the officer, the north-south street on which appellee was travelling is a two-way street 30 feet wide, with each lane measuring about 15

feet. The officer's measurements showed appellant's car to be at least six and a half feet within appellee's 15-foot lane.

Appellant admits she had nosed out into the intersection because "there is no way . . . you can stop your car on the stop sign and see the oncoming traffic." Tr. at 10. In addition, she claimed that her view was obstructed by a parked truck. Appellant stated that she saw appellee look to the back of his vehicle just before he ran into her car. The officer confirmed that appellee admitted that he had looked to the back of his car to speak to a child in the back seat just before the collision. Both vehicles received substantial damage. Both parties received citations: appellant for being in the intersection and not yielding the right-of-way, and appellee for not having his driver's license.

Appellee brought suit for the cost of repairs to his vehicle and appellant cross-claimed. The trial judge held for appellee, finding that appellee had the right-of-way and thus the right to proceed. The court further found that appellant had protruded into the intersection and interfered with the appellee's right-of-way at her peril. This appeal followed.

## III. Discussion

Appellant contends that she was not negligent and therefore not at fault; that the accident was not reasonably foreseeable and thus negligence cannot be attributed to her. In the alternative, appellant argues that the harm was caused solely by appellee who had looked back to speak to his child just before the collision. Appellant urges that since the court and appellee agreed that her car was at a complete stop at the intersection when hit by appellee, the evidence does not support a finding of negligence on her part and thus fails to support the judgment. The crux of appellant's case to this Court is an attack on the lower court's application of the law.

The trial court found appellant liable for interfering with appellee's rights to proceed, no matter what caused her to nose into the intersection applying the rule of the road that the driver with the privilege or right of way has the right to proceed. The trial judge found that the damage sustained was a direct result of this interference. Even though appellee contributed to the harm by taking his eyes off the road and looking back at the moment of impact, this was only "a contributing factor" and not the direct cause of the injury. Because we agree with the trial judge's ultimate conclusion although not his articulation of the law, we shall affirm.

120

■ As the trial judge indicated, a driver with a privilege or right of way "is entitled to assume that his right of way will be honored by an unprivileged operator . . . ." Baumann v. Canton, 7 V.I. 60, 68 (D.V.I. 1968) (Circuit Judge Maris writing for the court) (citing Ghirardello v. Malina 238 Md. 498, 209 A.2d 564, 569–70 (1965). Judge Maris, however, noted that this right was not unconditioned:

> The statutory right of way is *not an absolute one*—the driver holding it is not relieved of his duty of using reasonable care. Accordingly, if the privileged driver continues on his course without the exercise of reasonable care for the safety of others he may be liable notwithstanding his right of way.

Baumann, 7 V. I. at 68–69 (emphasis added).

However, in our case the trial judge concluded:

> the law provides that those vehicles that have the right of way are allowed to proceed. And those of us, for whatever reason, whether it be natural objects or manmade objects, if they block your view and is attempting to go out to that right of way, *you do so at your own peril.*

Tr. at p.26 (emphasis added).

Because it is not clear from the lower court proceedings whether the trial court recognized that appellee's right of way was not absolute, we restate the rule that the statutory right of way is not absolute or unconditioned. Moreover, we expressly adopt the holding of Baumann as the rule of this jurisdiction.

■ While the trial judge found that the evidence that appellant had stopped within the intersection made out a prima facie case of negligence, we note that this violation of the regulation to stop "does not render [appellant] guilty of negligence as a matter of law if there are facts which will excuse her conduct." Baumann, 7 V.I. at 69. To overcome a finding of negligence, the appellant had the burden of proving facts which would excuse her negligent action by showing that she "acted with reasonable diligence and care." See RESTATEMENT (SECOND) OF TORTS, § 222A(2)(c); see also, Baumann, 7 V.I. at 69 (quoting Restatement).

Appellant introduced evidence tending to show that appellee may have been the cause or a contributing cause of the accident. The court in fact found appellee contributorily negligent, thus implicitly applying the rule of Baumann. Indeed, it may be inferred

121

from the record that although appellant might have been justified in nosing out into the intersection, there was no excuse for her being as far into the intersection as to come within six and a half feet of the edge of the shoulder.

Accordingly, we affirm.

## ORDER OF THE COURT

This matter is before the court on appeal from the Territorial Court of the Virgin Islands;

In accordance with the Memorandum Opinion of even date;

IT IS ON THIS 22nd day of November, 1993, hereby ORDERED AND ADJUDGED that the Judgment of the Territorial Court is AFFIRMED.