### In re TUTU WELLS CONTAMINATION LITIGATION.

**Rhoda J. HARTHMAN, et al., Plaintiffs,**

v.

**TEXACO INC., et al, Defendants.**

Master No. 1989–107.
Civ. A. No. 1989–220.

District Court, Virgin Islands,
Division of St. Thomas and St. John.

Dec. 20, 1995.

---

Richard R. Knoepfel, Briggs, Knoepfel & Ronca, Charlotte Amalie, St. Thomas, U.S. Virgin Islands, Jeffrey T. Eddy, Joseph B. Cox, Jr., James M. Hughes, Charles W. Patrick, Jr., Frederick J. Jekel, Ness, Motley, Loadholt, Richardson & Poole, Charleston, South Carolina, and Thomas Alkon, Gordon Rhea, Thomas H. Hart, III, Alkon, Rhea & Hart, Christiansted, St. Croix, U.S. Virgin Islands, for PID–Harthmans.

Robert T. Lehman, Debra Rosen, William J. O'Kane, Christopher Gibson, Archer & Greiner, Haddonfield, New Jersey, and Douglas L. Capdeville, Christiansted, St. Croix VI, for Esso Standard Oil, S.A., Ltd., Esso Virgin Islands, Inc., and Esso Standard Oil, Co. (P.R.).

Richard E. Daley, Law Offices of Pattie & Daley, Christiansted, St. Croix, U.S. Virgin Islands, Kell S. Damsgaard, Terri Jacobsen, Morgan, Lewis & Bockius, Philadelphia, PA, and William Stack, Houston, Texas, for Exxon Corporation.

Francis E. Jackson, Jr., Jacqueline Drew, Charlotte Amalie, St. Thomas, U.S. Virgin Islands, for Daniel Bayard.

John Newman, Diane Siana, Porzio, Bromberg & Newman, P.C., Morristown, New Jersey, and Kevin A. Rames, Christiansted, St. Croix, U.S. Virgin Islands, for Paul Lazare, Andreas Gal, The Duplan Corp., Laga Industries, Ltd., Panes Industries Inc. and Panex Co.

## OPINION

BROTMAN, District Judge, Sitting by Designation.

Presently before this court is the Motion of Defendant Exxon Corporation ("Exxon") for Summary Judgment Based on Plaintiffs' Failure to Pierce the Corporate Veil. For

the reasons set forth below, the court will deny Exxon's motion.

## I. Factual and Procedural Background

Most of the underlying facts of this litigation were set forth in an Opinion dated August 13, 1993, published at 846 F.Supp. 1243 (D.V.I.1993) and supplemented in the Opinion of August 11, 1994, published at 157 F.R.D. 367 (D.V.I.1994). Familiarity with the underlying facts is therefore presumed. In addition to this motion, the Esso Defendants[1] and Exxon filed several other motions for summary judgment[2] each attacking a narrow issue of the Plaintiffs' case. Given the importance of each of the issues raised, the court notes for the convenience of the reader that it addresses each motion separately.

In support of its current motion, Exxon argues that the Plaintiffs have failed to establish the requisite facts necessary under Third Circuit precedent to allow this court to pierce the corporate veils of the various Esso Defendants necessary to impose liability on Exxon. To fully appreciate the burden facing the Plaintiffs, an understanding of the relevant parts of Exxon's corporate structure is essential. On the basis of Exxon's submission, however, such an understanding is impossible because Exxon's own explanation of its corporate structure is contradictory. Exhibit A to the Memorandum of Law in Support of Motion of Defendant Exxon Corporation for Summary Judgment Based on Plaintiffs' Failure to Pierce the Corporate Veil ("Exxon Memorandum") suggests the following chain ownership of corporations: Exxon owns Esso Inter–America, Inc. ("EIA") which owns ESSOSA which owns ESSORICO which owns ESSOVI. Without mentioning EIA, however, Exxon summarizes Appendix A as follows: "Thus, the ESSO defendants are either direct subsidiaries (ESSOVI and ESSOSA), or a subsidiary of a direct subsidiary [(ESSORICO)] of Exxon...." Exxon Memorandum at 10.[3] For the purposes of this summary judgment motion, the court will assume that Exxon's corporate structure for the relevant time period is represented by Appendix A—in having to make this assumption, it is obvious that a genuine issue of material fact exists for trial.

## II. The Law

### A. Summary Judgment Standard

The standard for granting summary judgment pursuant to Federal Rule of Civil Procedure 56 is a stringent one. Summary judgment is appropriate only if all the probative materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Hersh v. Allen Prods. Co.,* 789 F.2d 230, 232 (3d Cir.1986); *Lang v. New York Life Ins. Co.,* 721 F.2d 118, 119 (3d Cir.1983). In determining whether there remain any genuine issues of material fact, the court must resolve all reasonable doubts in favor of the nonmoving party. *Meyer v. Riegel Prods. Corp.,* 720 F.2d 303, 307 n. 2 (3d Cir.1983) *cert. dismissed,* 465 U.S. 1091, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984); *Smith v. Pittsburgh Gage & Supply Co.,* 464 F.2d 870, 874 (3d Cir.1972); *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Significantly, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to

---

1. The "Esso Defendants" are Esso Standard Oil S.A. Ltd. ("ESSOSA"), Esso Virgin Islands, Inc. ("ESSOVI") and Esso Standard Oil Co. (Puerto Rico) ("ESSORICO").

2. In addition to this motion, the Esso Defendants and/or Exxon has filed a summary judgment motion raising the following issues: (1) the statute of limitations, (2) liability, (3) damages and (4) assumption of the risk.

3. To further complicate any piercing of the corporate veil analysis, it appears that the corporate structure of Exxon has changed over time with ESSOVI becoming a direct subsidiary of Exxon. Exxon Memorandum at 8. Although not addressed by the parties, such a change in ownership raises the question of what corporate structure a court should analyze in evaluating a party's piercing the corporate veil argument: the corporate structure as it existed at the time of the tortious conduct giving rise to a claim, the structure at the time of the plaintiff filed his complaint or some other time?

determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Under the standards announced by the Supreme Court's trilogy in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), *Anderson,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) and *Matsushita,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson,* 477 U.S. at 247–48, 106 S.Ct. at 2509–10 (emphasis in original). Indeed, where the moving party has made a properly supported motion for summary judgment, it is incumbent upon the nonmoving party to come forward with specific facts to show that there is a genuine issue of material fact for trial. *Id.* at 248, 106 S.Ct. at 2510. Thus, once the moving party has carried its burden of establishing the absence of genuine issues of material fact, the nonmoving party "may not rest upon mere allegations or denials" of its pleadings, Fed.R.Civ.P. 56(e), but must produce sufficient evidence that will reasonably support a jury verdict in its favor, *id.* at 249, 106 S.Ct. at 2510–11; *J.E. Mamiye & Sons, Inc. v. Fidelity Bank,* 813 F.2d 610, 618 (3d Cir.1987) (Becker, J., concurring), and not just "some metaphysical doubt as to material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356; *see also, Quiroga v. Hasbro, Inc.,* 934 F.2d 497, 500 (3d Cir.1991), *cert denied,* 502 U.S. 940, 112 S.Ct. 376, 116 L.Ed.2d 327 (1991) (In opposing summary judgment, a non-movant may not "rest upon mere allegations, general denials, or ... vague statements."); *Schoch v. First Fidelity Bancorporation,* 912 F.2d 654, 657 (3d Cir. 1990) ("unsupported allegations in [a nonmovant's] memorandum and pleadings are insufficient to repel summary judgment").

A dispute involving a material fact is "genuine" only "if the evidence is such that a reasonable jury would return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. Whether a fact is "material" is determined by the substantive law defining the claims. *Id.* at 248, 106 S.Ct.

at 2510; *United States v. 225 Cartons,* 871 F.2d 409, 419 (3d Cir.1989). The Supreme Court observed that "[o]nly disputes over facts that might affect the outcome of the suit under governing law will properly preclude an entry of summary judgment." *Id.; see also, Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir.1981) (role of district court is to determine whether genuine issue of material fact exists). Summary judgment must be granted if no reasonable trier of fact could find for the non-moving party. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510–11.

Moreover, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2511. "Consequently, the court must ask whether, on the summary judgment record, reasonable jurors could find facts that demonstrated, by a preponderance of the evidence, that the nonmoving party is entitled to a verdict." *In re Paoli R.R. Yard PCB Litigation,* 916 F.2d 829, 860 (3d Cir.1990) *cert. denied,* 499 U.S. 961, 111 S.Ct. 1584, 113 L.Ed.2d 649 (1991).

Although the summary judgment hurdle is a difficult one to meet, it is by no means insurmountable. "Where the evidence is so one-sided that it leaves no room for any reasonable differences of opinion as to any material fact" this Court will grant summary judgment. *Tunis Bros. Co., Inc. v. Ford Motor.Co.,* 763 F.2d 1482, 1489 (3d Cir.1985). Accordingly, in Celotex, the Supreme Court concluded that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose." *Celotex,* 477 U.S. at 323–324, 106 S.Ct. at 2553.

### B. Piercing the Corporate Veil
### 1. Choice of Law

In bringing its summary judgment motion, Exxon's initial burden is to show the absence of material fact with respect to one or more elements of the Plaintiffs piercing the corporate veil claim. *Celotex,* 477 U.S. at 325, 106

S.Ct. at 2553–54. As the Supreme Court has established, the question of whether a fact is "material" is determined by the substantive law defining the claims. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. Thus, in order to carry its initial burden on summary judgment, Exxon must set forth the elements under the substantive law governing the Plaintiffs' claim. Based on that law, Exxon must then demonstrate the absence of evidence with respect to one or more of these elements.

■ In challenging the Plaintiffs' piercing the corporate veil arguments, Exxon refers extensively to Third Circuit precedent. Before the court blindly follows that precedent, however, Exxon must first answer a more basic question: what state law will govern the Plaintiffs' piercing the corporate veil argument. Without first addressing this question, neither the parties nor the court can determine whether the Third Circuit precedent cited by Exxon is even relevant in determining the present motion. In its summary judgment motion, Exxon fails to establish under the choice of law rules applicable in the Virgin Islands what state law should govern the present inquiry. As a result of that failure, Exxon has not satisfied its initial burden of showing the court that no genuine issues of material fact exist with respect to at least one element of Plaintiffs' claim.

■ Although the parties appear to assume that the law of the Virgin Islands applies in determining whether to pierce the various corporate veils involved in this case, the Restatement provides otherwise. Specifically, Restatement (Second) of Conflicts provides:

> The local law of the state of incorporation will be applied to determine the existence and extent of a shareholder's liability to the corporation … and to its creditors for corporate debts.

Restatement (Second) of Conflicts § 307. In the Virgin Islands, this provision of the Re-

statement (Second) of Conflicts governs the present motion. 1 V.I.C. § 4; *Baumann v. Canton,* 7 V.I. 60, 69 (D.V.I.1968). Thus, in order to determine whether to pierce the corporate veil of a particular corporation, the court must apply the law of the state of incorporation of that corporation. Restatement (Second) of Conflicts § 307; *see also, Kalb, Voorhis & Co. v. American Financial Corp.,* 8 F.3d 130, 132 (2d Cir.1993) (under New York choice of law rules, the "law of the state of incorporation determines when the corporate form will be disregarded and liability will be imposed on shareholders."); *Jefferson Pilot Broadcasting Co. v. Hilary & Hogan, Inc.,* 617 F.2d 133, 135 (5th Cir.1980) (applying law of state of incorporation to corporate veil issue); *Realco Services, Inc. v. Holt,* 513 F.Supp. 435, 442 n. 8 (E.D.Pa.1980) (same) *aff'd,* 671 F.2d 495 (3d Cir.1981).

■ As with all motions in this case, the analysis appears more complicated here because as outlined above, there could potentially be several levels of corporations that must be pierced before Exxon could be held liable as a shareholder.[4] On the record before the court, the analysis could require application of the law of Delaware to determine whether to pierce the corporate veil of ESSOVI, the law of Puerto Rico to determine whether to pierce the corporate veil of ESSORICO and the law of the Bahamas to determine whether to pierce the corporate veil of ESSOSA. However, Exxon has failed to lay out either the elements of the law with respect to piercing the corporate veil in each of these jurisdictions or evidence that the Plaintiffs will be unable to meet these elements. On a motion for summary judgment, it is inappropriate for this court to *sua sponte* set forth the substantive elements of the governing law[5] where the moving party has failed to do so and then apply whatever factual arguments the moving party has advanced to find that a plaintiff may not prevail at trial.

---

**4.** As suggested in Exxon's submission, the Plaintiffs would, at a minimum, have to pierce the corporate veils of ESSOSA and EIA before this court could extend liability to Exxon. Further, the Plaintiffs have not advanced any legal theory which would allow the court to pierce the relevant corporate veils without taking such a mechanical approach to this doctrine.

**5.** The court is wary to make specific findings about the elements of what a plaintiff must prove in order to pierce the corporate veil under all of these jurisdictions for two reasons. First, as this court has previously acknowledged, various jurisdictions often differ substantially in their formulation of the elements required to pierce the corporate veil. *In re Tutu Wells Contamination,*

■ Further, even if the court were to determine that piercing the corporate veil of ESSOVI, ESSORICO and/or ESSOSA were appropriate under the applicable law [6], the court would still have to determine whether it would be appropriate to then pierce the corporate veil of EIA. However, this task is impossible on the current record because Exxon has not identified the state of incorporation of EIA; thus, the court is unable to make this determination.

## III. Conclusion

For the reasons set forth above, the court must deny Exxon's motion. The court will enter an appropriate order.

---

846 F.Supp. 1243, 1262 (D.V.I.1993). Without argument by the parties on the appropriate elements to apply, the court would be favoring Exxon as the moving party in making such a determination without allowing the Plaintiffs here to present their argument. This concern is particularly acute where, as in the Virgin Islands, there is very little case law if any dealing directly with the elements necessary to pierce a corporate veil.

**6.** In its summary judgment motion, Exxon appears to challenge only the issue of control or domination in arguing that the Plaintiffs will not be able to pierce the various corporate veils. Even if this were the sole element necessary under the law of the various jurisdictions to pierce the corporate veil, the Plaintiffs have raised a material issue of fact with respect to this element. The Plaintiffs have raised an issue of fact with respect to the extent that Exxon controlled the environmental policies and practices of its various corporate subsidiaries. 1 Fletcher Cyc. Corp. § 43.10 at 758 (1987) ("Control, . . . of policy and business practice *in respect to the transaction attacked* so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own") (emphasis added). In addition, with respect to ESSOVI, the Plaintiffs have shown that individuals who apparently had been members of its Board of Directors for a period of years did not become aware of their position on that Board until immediately prior to their depositions in this matter. On this record, reasonable persons could find that Exxon exercised sufficient control with respect to environmental matters to pierce the relevant corporate veils in this case.